**Appeal of H. C. COUCH.**                  **Docket No. 202.**

> Compensation for service of officers of corporations for any period is subject to modification either by corporate action or by agreement at any time or from time to time during the taxable year, and the amount at which compensation is finally adjusted at the close of the taxable year is the amount which the officer must report as compensation in his income tax return.

Submitted November 14, 1924; decided November 28, 1924.

*Henry J. Richardson, Esq.*, for the taxpayer.

*Willis D. Nance, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

At the hearing of this case the taxpayer was represented by counsel who entered into a stipulation with the Commissioner's counsel, setting forth an agreement as to facts from which the Board deduces the following:

FINDINGS OF FACT.

1. During the year 1920 the taxpayer was president of the Arkansas Light & Power Co., of Pine Bluff, Ark., and the board of directors of said company authorized payment to the taxpayer, as president, of a salary at the rate of $7,500 for the year 1920, and in pursuance of that authorization there was credited on the books of the company, to the personal account of the taxpayer, the full amount of his said authorized salary.

2. The taxpayer actually received during the said year, as salary, the sum of $4,125.

3. In the month of December, 1920, and before the books of the corporation were closed for the year, the company being in straightened financial circumstances, the taxpayer agreed with the company not to withdraw the sum of $3,375, this amount being that portion of his authorized salary which he had not up to that time received.

4. The Arkansas Light & Power Co., during the year 1920 charged on its books of account for operating expenses the sum of $7,500 as the salary of this taxpayer, and in the month of December of the same year, before the books were closed, charged back to the taxpayer the amount of $3,375, and the same amount was likewise credited to operating expenses on the books of the corporation.

5. In the income tax return of the Arkansas Light & Power Co., as filed for the year 1920, an amount of $2,988.50 was deducted from gross income as an expense due to officer's salary paid to this taxpayer.

6. The Arkansas Light & Power Co., filed with the Commissioner Form 1099, information return for the year 1920, in which it showed that it had paid to this taxpayer as salary the sum of $7,500.

7. Upon the individual income tax return of this taxpayer for the year 1920, under schedule B, he reported that he had received the sum of $3,475 as salary, as president, from the Arkansas Light & Power Co., and his individual income tax return for that year was made upon a cash receipts and disbursements basis.

8. During the year 1920 the outstanding shares of the Arkansas Light & Power Co., were, common stock 24,900 shares and preferred stock 13,500 shares, of which this taxpayer owned 6,101 shares of the common stock and 341 shares of the preferred stock.

### DECISION.

The Board finds that the taxpayer's salary for services rendered to the Arkansas Light & Power Co., for the calendar year 1920 was the sum of $4,125, and that his total tax liability for the year 1920 must be recomputed in accordance with the findings herein, and the amount of the deficiency must be redetermined. Final decision of the Board will be settled on consent or on seven days' notice.

### OPINION.

TRUSSELL: At the hearing of this appeal it appeared that all differences between the taxpayer and the Commissioner, except as to the one item of salary compensation from the Arkansas Light & Power Co., had been settled by agreement between the parties, and there is, therefore, presented for our consideration only the matter of the amount of compensation with which the taxpayer should be charged as having received from the above-named corporation as compensation for his services during the year 1920.

It was argued by the taxpayer in briefs prepared and submitted by him and by his counsel at the hearing that the facts as hereinabove stated show that taxpayer's salary from said corporation for the year in question was the sum of $4,125, and no more; that the report of information made by the corporation showing compensation in the sum of $7,500 was an error due to an unintentional oversight on the part of the office employee preparing such information report; that although there once existed an understanding that the taxpayer's compensation for the year was to be the sum of $7,500, that understanding was modified by agreement made in December of the same year and the final salary compensation for the year then fixed at the sum of $4,125.

On behalf of the Commissioner, counsel argued that the books of account of the corporation having been once made to show that the taxpayer's compensation was, or was to be, the sum of $7,500, the change made by agreement between the corporation and this taxpayer in the month of December of the taxable year constituted a remission or a gift of the amount charged back, and not a modification in the amount of compensation formerly agreed upon; that the

entries upon the corporation's books made monthly during the year constituted a constructive receipt by taxpayer of the amounts credited to his personal account, and that therefore he should be held to have received said amounts and to be liable for income tax based upon such constructive receipt.

This Arkansas Light & Power Co. was a small corporation whose stock was held by comparatively few persons, and this taxpayer was the dominating influence in the management of its affairs. He appears to have carried upon himself at all times the responsibility for the successful conduct of the corporation's business and to have had such an interest in the corporation making a good financial showing that he was willing to and did forego his right to such salary compensation as had been once agreed that he should receive in order that the financial statements of the company might make a better showing.

Salary arrangements between corporations and their principal stockholders and managers in cases like this one, where the manager is expected by his associates to protect the interests and the future prospects of the company even at a sacrifice to himself, are and must be at all times subject to such modifications as may be made by agreement from time to time; and it appears to us that the arrangement entered into by this taxpayer and this corporation in the month of December, 1920, clearly shows an intent on the part of both sides to modify the prior existing agreements in regard to this taxpayer's compensation, and that such modification was actually made in good faith and the accounts of the company adjusted accordingly.

In view of all the facts and circumstances in this case as shown by the record there appears to be no reason for charging this taxpayer with a salary income in any amount greater than that which he actually received during the year in question, and his tax liability for the period must be recomputed in accordance with these findings.