JOHN I. CHIPLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 39528.   Promulgated April 12, 1932.

*Wilton H. Wallace, Esq., B. B. Pettus, Esq.* and *B. C. Wallace, C. P. A.,* for the petitioner.

*Lloyd W. Creason, Esq.,* for the respondent.

OPINION.

MURDOCK: The petitioner's counsel contend that a very narrow issue has been drawn in connection with the $12,000 item representing salary from Chipley's Universal Motor Company, Inc. They argue that the issue is as to whether or not the petitioner received this amount of salary in the form of capital stock; the proof shows that he received no capital stock during the year; and, therefore, he should have judgment, for the Board, under such circumstances, may not decide nor even consider whether or not the $12,000 representing salary might have been properly included in the petitioner's income for any other reason than the one given by the Commissioner. At the beginning of the hearing in this case we thought that the

issue was narrowed as the petitioner now contends. The deficiency notice, the pleadings, and the statements of counsel for both sides so indicated. But as the hearing progressed, it became apparent, chiefly from evidence offered on behalf of the petitioner, that, for other reasons than those assigned by the Commissioner, his action in adding $12,000 to the petitioner's income on account of salary from Chipley's Universal Motor Company, Inc., was proper. The attention of counsel for the petitioner was called to the fact that the issue, in the light of the testimony, could no longer be considered so narrow as originally suggested, and that his contention could not be sustained on this point if on a consideration of all the evidence it appeared that the Commissioner's action was proper. The petitioner, his witnesses, and his books were still present. An adjournment was taken until the following day to give counsel additional time to think over the situation and decide upon their course of action. On the following day they stated that the petitioner did not desire to introduce any further evidence.

If we were required to close our eyes to the rest of the evidence in the case and decide only the question of whether or not $12,000 should be included in the petitioner's income for the year 1923 because of the receipt of salary from this corporation in the form of its capital stock, our judgment on this point would be for the petitioner. But our duty, under the circumstances, is to consider all of the evidence and in the light thereof to decide whether or not the Commissioner erred in including $12,000 in the petitioner's income representing salary from this corporation. Cf. *Charles L. Coughlin*, 15 B. T. A. 515; *Edgar M. Carnrick*, 21 B. T. A. 12; *Altshul Tobacco Co.* v. *Commissioner*, 42 Fed. (2d) 609; *Bonwit Teller & Co.* v. *Commissioner*, 53 Fed. (2d) 381; certiorari denied, Feb. 15, 1932. Thus we see that the date of the receipt of the stock is not a determining factor.

Usually the parties may narrow the issues as much as they care to and the Board will confine itself to a decision of the issues as so narrowed, but, unless restricted by statute, we will not knowingly decide a case incorrectly upon a full disclosure of the facts. If the proof showed that a petitioner had received no stock but had received payment of his salary during the year in cash, should the Board reverse the Commissioner and exclude the salary from income merely because the salary had not been paid in stock as the Commissioner had thought?

This petitioner owned all of the stock of Chipley's Universal Motor Company, Inc., during all of the year 1923. His control of the actions of that corporation during the year could not have been challenged. The corporation each month accrued on its books a

liability of $1,000 representing one-twelfth of the yearly salary due its president, the petitioner. The latter knew and· must have approved of this. On the income-tax returns of the corporation deductions were claimed for the full amount of this salary. The petitioner signed and swore to these returns. The corporation was allowed the benefit of these deductions by the Commissioner. The corporation credited the salary to the account of the petitioner on its books. During the year the petitioner withdrew a small part of his salary. He could have withdrawn it all if he had so desired. For his own purposes he chose not to withdraw all of it. Under such circumstances it is obvious that he had received the salary of $12,000, constructively or otherwise, for income-tax purposes. *John A. Brander*, 3 B. T. A. 231; *Corliss* v. *Bowers*, 281 U. S. 376. If the proper method of reporting his income is the cash receipts and disbursements method, this amount should be included in his income for 1923. The Commissioner would argue further that the petitioner is estopped to deny his liability for tax on this item of income. Cf. *Casey* v. *Galli*, 94 U. S. 673. We do not know why the Commissioner was so long misled as to the true considerations upon which his action should have been based. Perhaps it was because of certain misleading entries on the books of the corporation dated December 31, 1923, and described in our findings of fact.

The petitioner regularly kept books of account in 1923. We have found as a fact that these books were kept on an accrual basis rather than on the basis of cash received and disbursed. A few insignificant items may have been recorded in the books on the latter basis, but the accrual method overwhelmingly predominated. Cf. *Maine Dairy Co.*, 4 B. T. A. 375. Therefore, the books should have been consistently kept on the accrual basis, i. e., all items of accrued income, including the salary in question, should have been accrued on the books and the return of income should have been made in accordance with his chosen method of bookkeeping thus properly conformed. Cf. *Niles Bement Pond Co.* v. *United States*, 281 U. S. 357; *United States* v. *American Can Co.*, 280 U. S. 412. Unless conformed to one method, the books do not clearly reflect income in accordance with the statute. Cf. *United States* v. *Anderson*, 269 U. S. 422.

Counsel for the petitioner contend that the accrual method of keeping the petitioner's books applied only to his individual business as a Ford dealer, and it was permissible for him to enter on the same set of books, on the basis of actual receipts, items of income which he received separate and apart from his Ford business. He cites three decisions of the Board in this connection: *John F. Cook et al.*, 4 B. T. A. 916; *W. J. Burns et al.*, 12 B. T. A. 1209; and *Joseph Stern et al.*, 14 B. T. A. 838. In none of those cases was there any inconsistency in the taxpayer's method of accounting other than that

he kept his individual books on one basis and was a member of a partnership which kept books upon another. Partnership income is computed on the basis of the partnership books. A partner's distributive share is determined on the basis of this computation, and there is no difficulty whatever about including it with his other income computed in accordance with any different method upon which his personal books may be kept. The important thing is that each method be consistent within its own sphere. A better case for the petitioner is *Marlin Grocery Co.*, 15 B. T. A. 1080, but in the present case it does not even appear that the petitioner's salary from Chipley's Universal Motor Company, Inc., was the kind of income that he was accustomed to record in his books on the cash basis. The books were not offered in evidence, and we do not know how this salary was entered on his books. We do not even know that it was entered on his books. Our judgment on this point is for the respondent no matter what method of accounting for this item was proper.

Our judgment on the next issue, which relates to the action of the Commissioner in including interest in the amount of $7,833.80 in the petitioner's income for 1923, is for the petitioner. This item was not a proper accrual for 1923 and it was not paid in any way during 1923. Therefore, on neither theory could it properly be included in income for that year.

The record on the issue relating to a deduction for bad debts is very confusing. This much is clear—the petitioner claimed a deduction of $7,636.66 on his return; the Commissioner disallowed the deduction to the extent of $7,147.57; and the petitioner now concedes that this latter amount is the amount in controversy. The Commissioner, therefore, must have allowed a deduction of $489.09. The Commissioner, in his explanation accompanying the deficiency notice, treats the amount in controversy as if it had been claimed as an addition to a reserve for bad debts. The petitioner has failed to show what it was. We could not allow the amount as an addition to a reserve for bad debts, for the petitioner has not shown that it was a reasonable addition to such reserve, and, furthermore, he has not shown that he is entitled to use the reserve method. Cf. *Kay Manufacturing Co.*, 18 B. T. A. 753; affd., 53 Fed. (2d) 1083; *W. H. Langley & Co.*, 23 B. T. A. 1296. One of the witnesses for the petitioner testified that for the year 1923 there was an addition of something over $7,000 to a reserve for bad debts on the petitioner's ledger, thus giving some support to the Commissioner's treatment of the item in controversy as an addition to a reserve. This same witness, a certified public accountant, who prepared the petitioner's income-tax return for the year in question, testified that in going over the petitioner's books he picked out anywhere from 70 to 200 accounts due the petitioner which he thought were of sufficient age

to have their collectability questioned; he knew a number of the debtors; be consulted the petitioner and his bookkeeper in regard to these accounts; and, together, they decided which of these accounts they would consider worthless. He said that this list has now been lost. He gave no amount and no details as to any particular account. These accounts may be the ones which the Commissioner has allowed to be deducted as bad debts. Counsel for the petitioner stated that they had the petitioner's books covering the year 1922 in the room at the time of the hearing, but they made no effort to show what accounts were on the books at the end of the year 1923 or to prove facts which would tend to show that there were worthless accounts on the petitioner's books at the end of 1923 in excess of the amount allowed by the Commissioner, which accounts had been ascertained to be worthless at that time and charged off. The petitioner has not proven that any greater amount should be allowed as a deduction for bad debts than the Commissioner has already allowed.

*Judgment will be entered under Rule 50.*