Thomas B. Martindale, Inc. v. Commissioner.
Thomas B. Martindale, Inc. v. Commissioner
Docket No. 1550.
United States Tax Court
1944 Tax Ct. Memo LEXIS 185; 3 T.C.M. (CCH) 673; T.C.M. (RIA) 44226; July 14, 1944
*185 (1) In the taxable years 1939 and 1940 petitioner, a corporation which kept its books and prepared its income tax returns on an accrual basis, contracted to pay its president, who was its sole stockholder, a certain monthly salary and additional compensation at the end of the year, also to pay him as rent for a building which he owned a certain annual rent. Parts of the salary and parts of the rent were paid in cash during the taxable years and the balance of the salary for 1939 and the balance of the rent for both 1939 and 1940 were unconditionally credited to his account at the end of those respective years. Petitioner's president returned these amounts as part of his gross income for the years in question. Held, petitioner was financially able to pay the amounts thus credited and petitioner's president had the unrestricted right to demand and receive these amounts in the taxable years in which they were credited. Held, further, that section 24 (c) of the Internal Revenue Code may not be interpreted to disallow to petitioner the deduction of these accrued expenses, for the doctrine of constructive receipt applies Michael Flynn Manufacturing Company, 3 T.C. 932 *186 followed. (2) In the taxable year 1940 petitioner credited to an account designated "Reserve for Bonus" the sum of $10,000. This amount was not unconditionally credited to the account of petitioner's president until June 10, 1941. Therefore as to this amount there was no constructive payment by petitioner in 1940. A payment made by petitioner to its president of $10,000 on July 10, 1940, on an account payable which exceeded $100,000 was not a payment of this $10,000 which was credited on December 31, 1940 to "Reserve for Bonus". Held, that as to this particular $10,000 the limitations prescribed by section 24(c) apply and petitioner is not entitled to deduct this $10,000 from its gross income for 1940. Charles S. Jacobs, Esq., 1035 Land Title Bldg., Philadelphia, Pa., for the petitioner. William D. Harris, Esq., for the respondent. BLACK Memorandum Opinion BLACK, Judge: The Commissioner has determined deficiencies against petitioner as follows: 1939
1940
Income Taxes
$2,718.23
$3,650.43
Declared Value Excess Profits
Taxes
5.57
61.05
Excess Profits Tax
None
1,147.66
Petitioner assigns error attacking the determination of the Commissioner as follows: (a) *187 In computing petitioner's net income for the calendar year 1939, the respondent has erroneously disallowed as a deduction the sum of $8,000., representing ordinary and necessary expense incurred during the taxable year as a reasonable allowance for salary paid to its president for personal services actually rendered. Respondent has erroneously assigned as his reason therefor that such amount was not paid within the taxable year or within two and one-half months after the close thereof. (b) In computing petitioner's net income for the calendar year 1939, the respondent has erroneously disallowed as a deduction the sum of $12,500.00 representing ordinary and necessary expense incurred during the taxable year as rent for premises occupied by petitioner as its principal place of business. Respondent has erroneously assigned as his reason therefor that such amount was not paid within the taxable year or within two and one-half months after the close thereof. (c) In computing petitioner's net income for the calendar year 1940, the respondent has erroneously disallowed as a deduction the sum of $10,000.00, representing ordinary and necessary expense incurred during the taxable year as *188 a reasonable allowance for salary paid to its president for personal services actually rendered. Respondent has erroneously assigned as his reason therefor that such amount was not paid within the taxable year or within two and one-half months after the close thereof. (d) In computing petitioner's net income for the calendar year 1940, the respondent has erroneously disallowed as a deduction the sum of $12,500.00 representing ordinary and necessary expense incurred during the taxable year as rent for premises occupied by petitioner as its principal place of business. Respondent has erroneously assigned as his reason therefor that such amount was not paid within the taxable year or within two and one-half months after the close thereof. [The Facts] The facts have been stipulated as follows: 1. Petitioner (hereinafter sometimes referred to as the corporation), is a corporation organized on December 1, 1926, under the laws of Pennsylvania, with its office and principal place of business at 3201 North Broad Street, Philadelphia, Pennsylvania. At all times material to this proceeding, it was engaged in the retail sale of new and used automobiles. 2. Petitioner's Federal income *189 and declared value excess profits tax returns for the calendar years 1939 and 1940, and its Federal excess profits tax return for the calendar year 1940 were filed with the Collector of Internal Revenue for the First Collection District of Pennsylvania, at Philadelphia, Pennsylvania. Photostatic copies of petitioner's Federal income and declared value excess profits tax and excess profits tax returns for the calendar years 1939 and 1940 are introduced in evidence. 3. Petitioner's books of account are kept on the accrual basis and its Federal income and declared value excess profits tax and excess profits tax returns for the years 1926 to 1940 were prepared in conformity therewith. 4. At all times material to this proceeding, all of petitioner's capital stock was owned by Thomas B. Martindale, its president. 5. At all times material to this proceeding, the management of the corporation's financial transactions was in the sole control of Thomas B. Martindale. 6. Accruals of salary and rent expenses claimed as deductions by petitioner and disallowed in part by the respondent are predicated upon credits upon the books of account of petitioner to the following accounts: "Account Payable, *190 Thomas B. Martindale" "Account Payable, Thomas B. Martindale, Rent" "Account Payable, Thomas B. Martindale, Salary" "Reserve for Bonus" 7. In its Federal income and declared value excess profits tax return for the calendar year 1939, petitioner claimed as a deduction the sum of $15,020. and $30,000., being the amounts charged on the books of account of the corporation for salary earned and rent, respectively, accrued and owing to Thomas B. Martindale. Of such amounts the respondent has disallowed the sums of $8,000. and $12,500., respectively. 8. For the calendar year 1939, Thomas B. Martindale reported the amount of $15,020. as salary received and the amount of $30,000. as rent received as items of income in his individual Federal income tax return for that year, which was prepared and filed on the basis of cash receipts and disbursements. On February 1, 1943, Thomas B. Martindale filed a claim for refund with the Collector of Internal Revenue for the First District of Pennsylvania for refund of income taxes paid on the amounts which were reported by him as rent and salary, and which were disallowed as a deduction to the petitioner in respondent's notice of deficiency. The respondent *191 has taken no action on this claim. 9. On January 1, 1939, there was a credit balance of $104,945.89 on petitioner's books of account in the account designated as "Account Payable, Thomas B. Martindale". There were no balances in the accounts designated as "Account Payable, Thomas B. Martindale, Salary", "Account Payable, Thomas B. Martindale, Rent", and "Reserve for Bonus". 10. During the calendar year 1939 the authorized salary of Thomas B. Martindale for that year was credited upon the books of account of the corporation in the sum of $15,020. This amount was composed of the tentative base salary of $7,020. per annum and additional compensation of $8,000. These amounts were credited upon the books of account of the corporation in the following manner: The tentative base salary of $7,020. was credited in equal monthly amounts of $585.00 to the account designated as "Account Payable, Thomas B. Martindale, Salary". The additional compensation of $8,000. was credited on December 31, 1939, to the account designated as "Account Payable, Thomas B. Martindale". The crediting of this latter amount to this account was ratified at a duly constituted meeting of the Board of Directors *192 of petitioner held on January 15, 1940. 11. For the calendar year 1939 the corporation agreed to pay to Thomas B. Martindale a rental of $30,000. for its use and occupancy of the premises owned by him and located at 3201 North Broad Street, Philadelphia, Pennsylvania, and used by the corporation as a salesroom and warehouse. This rental was credited monthly upon the books of account of the corporation in amounts of $2,500. each or an aggregate for the year of $30,000. The account which was credited with this amount was designated as "Account Payable, Thomas B. Martindale, "Rent". 12. During the calendar year 1939 the petitioner made monthly cash payments of $585.00 each to Thomas B. Martindale on account of accrued salary earned in the sum of $7,020., which were charged against the account designated as "Account Payable, Thomas B. Martindale, Salary". 13. During the calendar year 1939 the petitioner made cash payments to Thomas B. Martindale on account of accrued rental in the amounts and on the dates shown as follows: April 11
$ 2,500.00
May 22
2,500.00
June 6
5,000.00
June 28
5,000.00
August 30
2,500.00
Total
$17,500.00 These payments were charged on the books *193 of account of the corporation to the account designated as "Account Payable, Thomas B. Martindale, Rent". 14. The balance of accrued rent $12,500., was transferred by journal entry on December 31, 1939, as a credit to the account designated as "Account Payable, Thomas B. Martindale". 15. On July 10, 1939, a cash payment was made to Thomas B. Martindale in the sum of $10,000., which was charged to the account designated as "Account Payable, Thomas B. Martindale". 16. As a result of the above entries, the credit balance in the account designated "Account Payable, Thomas B. Martindale", on December 31, 1939, was $115,445.89. There were no balances in the accounts designated "Account Payable, Thomas B. Martindale, Rent", "Account Payable, Thomas B. Martindale, Salary", "Reserve for Bonus". 17. No cash payment was made by petitioner to Thomas B. Martindale during the period January 1, 1940, to March 15, 1940, inclusive, on account of the credit balance in the account captioned "Account Payable, Thomas B. Martindale", on December 31, 1939. 18. In its Federal income and declared value excess profits tax return and ind its excess profits tax return, for the calendar year 1940, petitioner *194 claimed as a deduction the sums of $17,020. and $30,000., being the amounts charged on the books of account of the corporation for salary earned and rent, respectively, accrued and owing to Thomas B. Martindale. Of such amounts, the respondent has disallowed the sums of $10,000., and $12,500., respectively. 19. For the calendar year 1940, Thomas B. Martindale reported the amount of $17,020. as salary received, and the amount of $30,000. as rent received, as items of income in his individual Federal income tax return for that year which was prepared and filed on the basis of cash receipts and dibursements, and showed no taxable net income. 20. During the calendar year 1940 the authorized salary of Thomas B. Martindale for that year was credited upon the books of account of the corporation in the sum of $17,020. This amount was composed of the tentative base salary of $7,020. and an additional compensation of $10,000. authorized at a duly constituted meeting of the Board of Directors. These amounts were credited upon the books of account of the corporation in the following manner: The tentative base salary of $7,020. was credited monthly in amounts of $585.00 each to the account *195 designated as "Account Payable, Thomas B. Martindale, Salary". The additional compensation of $10,000. was credited on December 31, 1940, to an account payable, designated as "Reserve for Bonus". 21. For the calendar year 1940 the corporation agreed to pay to Thomas B. Martindale a rental of $30,000. for its use and occupancy of the premises 3201 North Broad Street, Philadelphia, Pennsylvania. This annual rental was credited monthly upon the books of account of the corporation to the individual account of Thomas B. Martindale in amounts of $2500. each, or an aggregate for the year of $30,000. The account which was credited with this amount was designated as "Account Payable, Thomas B. Martindale, Rent". 22. During the calendar year 1940 the petitioner made monthly cash payments of $585.00 each to Thomas B. Martindale on account of accrued salary earned in the sum of $7,020., which were charged against the account designated as "Account Payable, Thomas B. Martindale, Salary". 23. During the calendar year 1940 the petitioner made cash payments to Thomas B. Martindale on account of accrued rental in the amounts and on the dates shown: January 5
$ 1,000.00
January 29
1,000.00
March 15
3,000.00
May 20
2,500.00
June 11
5,000.00
October 28
2,500.00
December 14
2,500.00
Total
$17,500.00
*196 These payments were charged on the books of account of the corporation to the account designated as "Account Payable, Thomas B. Martindale, Rent". 24. The balance of accrued rent, $12,500., was transferred by journal entry on December 31, 1940, as a credit to the account designated as "Account Payable, Thomas B. Martindale". 25. On July 9, 1940, cash payment was made to Thomas B. Martindale in the sum of $10,000., which was charged to the account designated as "Account Payable, Thomas B. Martindale". 26. On December 31, 1940, petitioner's books showed a credit balance in the amount of $117,945.89 to the account designated as "Account Payable, Thomas B. Martindale" and a credit balance of $10,000., in the account designated as "Reserve for Bonus". There were no balances in the accounts captioned "Account Payable, Thomas B. Martindale, Rent". "Account Payable, Thomas B. Martindale, Salary". 27. No cash payment was made by petitioner to Thomas B. Martindale during the period January 1, 1941, to March 15, 1941, inclusive, on account of the credit balances in the accounts captioned "Account Payable, Thomas B. Martindale" and "Reserve for Bonus", on December 31, 1940. 28. *197 On June 30, 1941, the balance in the account designated as "Reserve for Bonus" was transferred as a credit to the account captioned "Account Payable, Thomas B. Martindale". 29. The balancing of the account designated "Account Payable, Thomas B. Martindale", was accomplished by the following transactions as recorded on the books of petitioner: Dr.
Cr.
Balance, December 31, 1940
$117,945.89
June 30, 1941, transfer from "Reserve for Bonus,"
10,000.00
October 1, 1941, 247 Shares full-paid $100. par Capital
Stock Issued
$ 24,700.00
October 1, 1941, Demand note issued
100,000.00
February 9, 1942, Cash paid
3,245.89
$127,945.89
$127,945.89
30. On December 31, 1939, the corporation's balance sheet shows the following financial condition: ASSETS
Cash
$ 16,508.21
Notes and Accounts Receivable
122,597.54
Merchandise Inventory
82,665.76
Total Current Assets
$221,771.51
Other Assets
18,299.49
Total Assets
$240,071.00
LIABILITIES
Notes Payable Banks
$ 24,623.33
Accounts Payable: Thomas B. Martindale
115,445.89
Trade Creditors
6,709.86
Accrued Bonus
1,100.00
Other Liabilities
3,389.48
Total Liabilities
$151,268.56
Total Assets
$240,071.00
Total Liabilities
151,268.56
Net Worth
$ 88,802.44
Composed of: Capital Stock
$75,300.00
Surplus
13,502.44
$ 88,802.44
*198 31. On December 31, 1940, the corporation's balance sheet shows the following financial condition: ASSETS
Cash
$ 24,985.30
Notes and Accounts Receivable
153,963.35
Merchandise Inventory
121,634.31
Total Current Assets
$300,582.96
Other Assets
16,298.63
Total Assets
$316,881.59
LIABILITIES
Notes Payable Banks
$ 78,978.87
Accounts Payable: Thomas B. Martindale
117,945.89
Trade Creditors
14,695.72
Accrued Bonus
1,930.27
Accrued Bonus -
Thomas B. Martindale
10,000.00
Other Liabilities
4,111.62
$227,662.37
Total Assets
$316,881.59
Total Liabilities
227,662.37
Net Worth
$ 89,219.22
Composed of: Capital Stock
$75,300.00
Surplus
13,919.22
$ 89,219.22
32. For the calendar year 1939, the corporation derived gross income in the amount of $21,905.34 as a result of the corporation's financing the sales of new and used cars. This amount is reflected in Item 13 of Page 1 of the Income and Excess Profits Tax Return for the calendar year 1939 and appears as the second item in the Schedule attached to and made a part of said return. 33. For the calendar year 1940 the corporation derived income in the amount of $18,698.09 *199 as a result of the corporation's financing the sales of new and used cars. This amount is reflected in Item 13 of Page 1 of the Income, Declared Value Excess Profits and Defense Tax Return for the calendar year 1940 and appears as the second item in the Schedule attached to and made a part of the said return. 34. At any time during the period January 1, 1939 to March 15, 1941, petitioner could have borrowed from banks on a secured basis sufficient cash to have paid Thomas B. Martindale in full the amounts standing to his credit on petitioner's books of account, but did not during this period borrow any money for this purpose. From the foregoing facts it will be seen that the Commissioner in his determination of the deficiencies has allowed petitioner in each of the taxable years a deduction for the amounts of cash payments which it made to its president, Thomas B. Martindale, as salary and as rent. The Commissioner has disallowed certain amounts which petitioner accrued on its books in each of the taxable years as salary, bonus and rents but which it did not pay in cash either in the taxable year when accrued or up to March 15 of the year following. The Commissioner in making such *200 disallowances acted under section 24 (c), Internal Revenue Code which is printed in the margin. [1]
It is petitioner's contention that the amounts of salary, bonus and rent in each of the taxable years which were accrued on its books as liabilities to its president and not paid to him in *201 cash were credited to his account in such an unconditional manner as to amount to constructive receipt of such amounts on the part of petitioner's president. Petitioner contends (1) that it was financially able to pay these amounts in the years in which they were accrued as liabilities and (2) petitioner's president to whom such amounts were credited had the unrestricted right to demand and receive payment of these amounts in the years in which they were credited. Petitioner points out that the stipulated facts show that in each of the taxable years Thomas B. Martindale returned these amounts for taxation on his income tax return. Therefore, says petitioner, facts which would make applicable section 24 (c)(2) are not present and not being present the Commissioner's determination cannot be sustained. Regulations 103, section 19.42-2 refers to constructive receipt in the following language: Income which is credited to the account of or set apart for a taxpayer and which may be drawn upon by him at any time is subject to tax for the year during which so credited or set apart, although not actually reduced to possession. To constitute receipt in such a case, the income must be credited *202 or set apart to the taxpayer without any substantial limitation or restriction upon which payment is to be made, and must be available to him so that it may be drawn at any time, and its receipt brought within his own control and disposition. A book entry, if made, should indicate an absolute transfer from one account to another. * * * Respondent's contention as stated in his brief is as follows: * * * where the relationship between debtor and creditor, here involved, admittedly does not satisfy the condition of section 24 (c) (3); and where there has been neither payment by the creditor nor receipt by the debtor in money or money's worth, the fiction of constructive payment and receipt cannot be resorted to in order to modify or change the plain language and intent of section 24, limiting deductions otherwise allowable under section 23(a) to deductions for debts, not only incurred but actually paid within the taxable year, or two and one half months thereafter, and requiring that debts incurred must be actually paid in money or money's worth during the taxable year, or two and one half months thereafter. In other words, respondent's contention is that the doctrine of constructive *203 receipt has no place whatever in applying the restrictions imposed on certain deductions by section 24 (c). Respondent says that the court's references to "constructive payment" and "constructive receipt" in Musselman Hub-Brake Co. v. Commissioner, 139 Fed. (2d) 65 were obiter dicta because in that case there had been actual payment by the creditor to the debtor the first two and one half months following the taxable year in the form of promissory notes executed by the debtor to the creditor which were worth their face value and which were accepted by the creditor as full payment of the amount due. Regardless of whether what the court said in the Musselman Hub-Brake Co. case, supra, about "constructive receipt" and "constructive payment" was obiter dicta, this court in the recent case of Michael Flynn Manufacturing Company, 3 T.C. 932 promulgated June 1, 1944, held that section 24(c) of the Internal Revenue Code may not be interpreted to disallow to petitioner the deduction of the accrued expenses for salaries since the salaries were includable in the gross income of the officers in the taxable years *204 when such salaries were unconditionally credited to their account under the doctrine of constructive receipt and the condition to disallowance set forth by section 24(c) (2) of the Internal Revenue Code accordingly did not exist. Our decision in the Michael Flynn Manufacturing Company case, supra, is of course controlling here if the facts show that there was constructive receipt by Thomas B. Martindale in each of the taxable years of the salaries, bonus and rents in question which were accrued on petitioner's books but not paid to him in cash. The amounts paid to him in cash are not in controversy. As to the year 1939 we think there was constructive receipt of the entire amounts involved for that year. In that year Martindale's regular salary of $585 per month was drawn by him in cash. The additional salary of $8,000 was credited to him on December 31, 1939, to the account designated "Account Payable, Thomas B. Martindale." The balance in the rent account not paid in cash, amounting to $12,500 was credited in the same manner on December 31, 1939, to the account designated "Account Payable, Thomas B. Martindale." We think the amounts thus credited to Thomas B. Martindale, *205 coupled with other facts which have been stipulated, fulfill the requirements prescribed by the Commissioner's regulations prescribing the conditions of constructive receipt. Thomas B. Martindale in his individual income tax return for 1939 returned these amounts for taxation as part of his gross income for that year and in so doing we think he acted properly. As to these amounts the facts show (1) that petitioner was financially able to pay the amounts thus credited and (2) that Thomas B. Martindale, petitioner's president and sole stockholder, had the unrestricted right to demand and receive the amounts thus credited to his account. Such facts fulfill the measure of constructive receipt. Cf. John A. Brander, 3 B.T.A. 231 and John I. Chipley, 25 B.T.A. 1103. As to the year 1940, the situation is the same as to the rent payments as it was in the year 1939, but we do not think it is the same as to salary. In 1940 Thomas B. Martindale received his regular monthly salary of $585 in cash. The additional compensation of $10,000 which petitioner alleged Martindale constructively received in 1940 was credited on December 31, *206 1940, to an account payable designated as "Reserve for Bonus." On June 30, 1941, the balance in the account designated as "Reserve for Bonus" was transferred as a credit to the account captioned "Account Payable, Thomas B. Martindale." Thus the unconditional crediting to the account of Thomas B. Martindale of this $10,000 bonus for the year 1940 did not take place until June 30, 1941. It was not until then that this particular $10,000 was constructively paid to him and constructively received by him. Under these circumstances we think petitioner must be disallowed this deduction from its 1940 gross income because of the limitations imposed by section 24(c). It may well be that the $10,000 additional salary to Martindale in 1940 under the facts stipulated represented an accrued liability of petitioner to him in 1940, although carried on petitioner's books as "Reserve for Bonus." See Paul and Mertens Law of Federal Income Taxation, section 12.67, Vol. 2. This section deals with the subject "Where Liability is Reflected by Use of Reserves" and, among other things, says: "For example, expenses accrued or incurred representing a fixed liability will be deductible by a taxpayer on the *207 accrual basis, notwithstanding that they are designated as reserves on the taxpayer's books." But it should be remembered that the question with which we are dealing in the instant case is not the ordinary one of the right of a deduction by a taxpayer on the accrual basis. The question with which we are dealing is petitioner's right to deduct certain accrued items as limited by section 24(c) of I.R.C. And confining ourselves to that narrow question we hold as above stated that petitioner is not entitled to deduct in 1940 the $10,000 additional compensation voted to Thomas B. Martindale in that year. Petitioner has an alternative contention to its main contention which it states in its brief as follows: In the alternative, where petitioner unconditionally credited to the account of its president on its books of account authorized salary, bonus and rent due in the aggregate amounts of $45,020. for 1939 and $47,020. for 1940, and where petitioner actually paid him in cash amounts aggregating $34,520. during the year 1939 and $34,520. during the year 1940, respondent erred in disallowing under Section 24(c) $10,000. of the amount actually paid in cash during each year on the ground that *208 such payments were on account of credit balances owing by petitioner at the beginning of each year. It is unnecessary to pass upon this alternative contention in so far as 1939 is concerned, for we have sustained petitioner for that year. For 1940 we have not sustained petitioner as to the $10,000 bonus or additional salary for that year. It, therefore, becomes necessary to consider petitioner's alternative contention for 1940. The stipulated facts show that on July 9, 1940, cash payment was made to Thomas B. Martindale in the sum of $10,000 which was charged to the account designated as "Account Payable, Thomas B. Martindale." This was several months prior to the crediting of $10,000 on petitioner's books, December 31, 1940, to a "Reserve for Bonus." It was nearly a year prior to the crediting of this $10,000 to "Account Payable, Thomas B. Martindale" which took place on June 30, 1941. Under such circumstances we cannot hold that this $10,000 cash paid to Thomas B. Martindale on July 9, 1940, was a payment to him of a bonus for 1940. There are no facts which would justify such a holding. The $10,000 paid to him on July 10, 1940, was simply a cash payment on an account payable to *209 Thomas B. Martindale which exceeded $100,000. So far as we can see it has no other legal significance. As to the $10,000 additional compensation for 1940 to Thomas B. Martindale, petitioner is not sustained. Decision will be entered under Rule 50. Footnotes
1. SEC. 24. ITEMS NOT DEDUCTIBLE. * * * * *
(c) Unpaid Expenses and Interest. - In computing net income no deduction shall be allowed under section 23 (a), relating to expenses incurred, or under section 23 (b), relating to interest accrued - (1) If such expenses or interest are not paid within the taxable year or within two and one half months after the close thereof; and (2) If, by reason of the method of accounting of the person to whom the payment is to be made, the amount thereof is not, unless paid, includible in the gross income of such person for the taxable year in which or with which the taxable year of the taxpayer ends; and (3) If, at the close of the taxable year of the taxpayer or at any time within two and one half months thereafter, both the taxpayer and the person to whom the payment is to be made are persons between whom losses would be disallowed under section 24 (b)↩.