Welker J. Smucker v. Commissioner. Willard E. Smucker v. Commissioner. J. M. Smucker v. Commissioner.
Smucker v. Commissioner
Docket Nos. 11087, 11088, 11089.
United States Tax Court
1947 Tax Ct. Memo LEXIS 83; 6 T.C.M. (CCH) 1054; T.C.M. (RIA) 47265; September 30, 1947
*83 Meyer A. Cook, Esq., 605 Guardian Bldg., Cleveland, Ohio, for the petitioners. L. R. Bloomenthal, Esq., for the respondent. HARLAN Memorandum Findings of Fact and Opinion HARLAN, Judge: The respondent determined deficiencies in the income tax of petitioners for the calendar year 1943 as follows: Welker J. Smucker
$ 7,546.97
Willard E. Smucker
19,373.70
J. M. Smucker
7,894.31
Due to the application of Section 6, Current Tax Payment Act of 1943, petitioners' income for the year 1942 is involved in these proceedings. The sole question is whether the entire amount received by each petitioner as salary and bonus during the year 1942 from the J. M. Smucker Company represents taxable income, even though a portion of it was returned by each to the corporation during the taxable year. Findings of Fact The petitioners are residents of Orrville, Ohio, and filed their returns for the years here involved with the collector of internal revenue for the 18th district of Ohio, at Cleveland, Ohio. The J. M. Smucker Company is located in Orrville, Ohio, and was incorporated under the laws of Ohio in 1921. This corporation began its operations in Orrville, *84 Ohio, and has been continuously engaged until the present date in the business of manufacturing and distributing preserves and food products. The petitioners herein have been officers and directors of the J. M. Smucker Company since its incorporation; and during the calendar years ended December 31, 1942, and December 31, 1943, they occupied the following positions and owned the amount of stock set forth opposite their respective names, as follows: Taxpayer
Position
Stockholdings
Welker J. Smucker (Son)
Factory Supt.
235 shares
Willard E. Smucker (Son)
Secretary-Treasurer
296 shares
J. M. Smucker (Father)
President
93 shares The other stockholders in 1942 and 1943 were as follows: Winna S. Hostetler (Daughter)
185 shares
Wilma S. Good (Daughter)
186 shares
Fred Rufer
5 shares The foregoing individuals held all of the 1,000 shares of stock issued and outstanding of the J. M. Smucker Company for the years involved herein. The J. M. Smucker Company filed its income and excess profits tax returns on the accrual basis using the fiscal year ended on April 30 of each year. The individual taxpayers, who are the petitioners herein, have *85 always filed their returns on the calendar year basis and reported income on the cash basis of accounting. From the incorporation of the J. M. Smucker Company in 1921 until the fiscal year ended April 30, 1937, the petitioners herein were employed by the said corporation on a straight salary. However, the Board of Directors adopted a resolution on December 26, 1936, which provided as follows: "* * * that one-half of the net profits remaining after a 12 per cent dividend is paid to stockholders on record as of April 20, 1937, be paid as a bonus to J. M. Smucker, W. E. Smucker, W. J. Smucker, and this bonus be distributed as follows: W. E. Smucker, 50 per cent; W. J. Smucker, 25 per cent; J. M. Smucker, 25 per cent." This was the first time in the history of this company that bonuses were paid to its officers. Each year thereafter resolutions were adopted by the Board of Directors authorizing the payment of bonuses, and bonuses together with salaries were paid to the petitioners herein. The basis of the bonuses to be paid to the officers during each of the succeeding years was exactly the same as that adopted in the resolution of December 26, 1936. In 1939 a program of expansion *86 of the corporation's manufacturing facilities was begun and as a result thereof a second plant was acquired in Wenatchee, Washington, and a third plant was located at Salem, Ohio. The petitioners orally agreed at the time bonuses were paid for the fiscal year ending April 30, 1940, that they would return to the company as paid-in surplus the amounts of their respective bonuses less the amounts of their individual tax liabilities thereon to assist the program of plant expansion. Thereafter, within a day or two after the receipt of the bonuses, petitioners returned a substantial part of them to the corporation as paid-in surplus. The 1942 bonus was paid on June 2, 1942, and petitioners made their contributions to paid-in surplus on June 3, 1942. The following table shows the salary and bonus deducted by the corporation in each of the fiscal years ended April 30, 1937 to 1942, inclusive, the salary and bonus reported by the petitioners in their returns for the calendar years 1937 to 1942, inclusive, and the amounts returned by them to the corporation in each of these calendar years as paid-in surplus: J. M. Smucker
Deducted by Corp.
Reported by Pet.
Returned to
Salary
Bonus
Salary
Bonus
corporation
1937
$2,400
$ 6,115.95
$2,400 $ 1938
2,400
2,400
6,115.95
1939
2,400
11,370.30
2,400
11,370.29
1940
2,400
16,898.75
2,800
16,898.75
$12,500.00
1941
3,000
9,384.47
3,600
9,387.47
7,500.00
1942
3,000
23,892.52
3,000
9,387.47
17,000.00
W. E. Smucker
1937
$3,600
$12,231.89
$5,200 $ $ 1938
6,000
12,231.89
1939
6,000
22,740.59
6,000
22,740.59
1940
6,000
33,797.49
6,000
33,797.47
25,000.00
1941
6,000
18,774.95
6,000
18,774.95
13,000.00
1942
6,000
47,785.08
6,000
18,774.95
23,000.00
W. J. Smucker
1937
2,820
6,115.94
2,820
1938
2,820
2,820
6,115.95
1939
2,820
11,370.29
2,725
14,428.28
1940
2,820
16,898.75
2,820
16,898.74
15,000.00
1941
2,820
9,387.47
2,820
9,387.47
7,500.00
1942
2,820
23,892.53
2,820
9,387.47
17,000.00
*87 The Commissioner did not disallow any portion of the deductions for compensation of officers claimed by the corporation in computing its taxable net income for the fiscal years ended April 30, 1937, to April 30, 1941. The corporation filed its returns for the fiscal year ending April 30, 1942, on July 13, 1942, claiming as a deduction in computing normal tax net income for compensation of officers, the amount of the salaries and bonuses paid to its officers in the total amount of $107,390.14. On October 30, 1942, an examining agent of the Bureau of Internal Revenue examined the books and records of the J. M. Smucker Company for the fiscal year ended April 30, 1942, and in a report dated October 30, 1942, a copy of which was transmitted to the J. M. Smucker Company on November 23, 1942, the following adjustments to that corporation's tax liability for the fiscal year ended April 30, 1942, were proposed: Fiscal Year
Kind of Tax
Ended
Deficiency
Income Tax
4-30-41
$ 2,773.83
Income Tax
4-30-42
11,336.19
E.P.T. (2nd RA-1940)
4-30-42
28,321.49
D.V.E.P.T.
4-30-42
9,657.43
Total
$52,088.94
The proposed deficiencies were due primarily to the proposed *88 disallowances of officers' bonuses in the amount of $68,007.72. After conferences between representatives of the corporation and representatives of the Commissioner the waiver on Form 870 was signed on December 26, 1942, consenting to the immediate assessment and collection of the following deficiencies for the taxable year ended April 30, 1942: Income Tax
$11,251.37
D.V.E.P.T.
8,339.09
E.P.T. (2nd RA-1940)
19,926.02
$39,516.48 The foregoing settlement included the following adjustments to salaries and bonuses to officers: Total Claimed
Disallowed
Allowed
W. E. Smucker
$ 53,785.08
$29,010.13
$24,774.95
W. J. Smucker
26,712.53
14,505.06
12,207.47
J. M. Smucker
26,892.53
14,505.06
12,387.47
Totals
$107,390.14
$58,020.25
$49,369.89
Under date of November 14, 1942 (after the Revenue Agent had examined the corporation's books) a resolution was adopted by the Board of Directors of the J. M. Smucker Company which provided in part as follows: "Inasmuch as the Treasury Department has disallowed a portion of bonuses paid for year ended April 30, 1942 and $57,000.00 has already been returned to Corporation as paid-in-surplus, *89 a motion was made by W. J. Smucker, seconded by Wilma S. Good that this amount of Paid-in-surplus, $57,000.00, be transferred to Earned Surplus. Motion carried." Pursuant to this resolution the transfer was made on the corporation's books. Attached to the income tax returns for the calendar year 1942 filed by petitioners with the collector of internal revenue at Cleveland were notes similar to the following, except for the different amounts reported by the corporation and disallowed as a deduction in the case of each petitioner: "Taxpayer's employer, The J. M. Smucker Co., Orrville, Ohio (a Corporation) on its Income Tax Return for the Fiscal Year Ended April 30, 1942, reported compensation to Taxpayer in the amount of $53,785.08. The Treasury Department has disallowed $29,010.13 of this, as a deduction to the corporation. Taxpayer has repaid the amount disallowed to the corporation, and it has been restored to Earned Surplus on the corporation's books. The amount of compensation reported in this return is the net amount allowed to the corporation in its return as a deduction." The proposed disallowance of alleged excessive salaries and bonuses for the fiscal year 1942 was *90 first brought to the attention of the officers and directors of the corporation in October of 1942. The total amount of $57,000 returned by petitioners to the corporation on or about June 3, 1942, were paid back solely for use in connection with the expansion program undertaken by the corporation in previous years and had no connection with any anticipated or proposed disallowance of salary or bonus payments deducted or to be deducted in the future income tax returns of the corporation. The corporation has never demanded that W. E. Smucker return the excess of approximately $6,000 between the amount returned by him on June 3, 1942, and the amount of salary and bonus paid to him for the fiscal year ended April 30, 1942, which was disallowed in accordance with the abovementioned settlement of the corporate tax liability. No formal waiver of the corporation's claim for this excess amount has ever been entered in the minutes of the board of directors. Neither J. M. Smucker nor W. J. Smucker has demanded that the corporation return to them the difference of approximately $2,500 between the amount paid in by each of them on June 30, 1942, and the amount of their salaries and bonuses *91 which was disallowed in settlement of the corporate tax liability. Opinion In briefs in these proceedings the respective parties limit their contentions and argument to an alleged oral agreement [1] which petitioners urge was entered into by them in 1936, and renewed in subsequent years, to return to the corporation the portion of any bonus disallowed by the Commissioner, and which the respondent claims either did not exist or was never carried out according to its terms. The parties assume that our disapproval of the contentions of one will result in a decision in favor of the other, and vice versa. This assumption is not justified. If we were required to close our eyes to the rest of the evidence and decide only the question of whether petitioners' action in returning to the corporation the amounts shown in our findings was pursuant to an oral agreement to return the portion of any bonus disallowed as a deduction to the corporation by the Commissioner, our judgment on this point would be for the respondent, inasmuch as the evidence does not convince us that these amounts were returned to the corporation pursuant to such an agreement. Our duty, however, is to consider all of the *92 evidence and from it determine whether or not the Commissioner erred in including in the income of each petitioner the entire amount of salary and bonus received by each from the corporation during the calendar year 1942. Cf. John I. Chipley, 25 B.T.A. 1103, 1106. The evidence discloses that during its fiscal years ending April 30, 1937 to April 30, 1942, inclusive, the corporation paid each of the petitioners a salary and a bonus; that in 1939 it entered into a program of expansion of its manufacturing facilities; that with a view to assisting this program, the petitioners, who were officers and directors of this family corporation, orally agreed at the time bonuses were paid for the fiscal year ending April 30, 1940, that they would return to the corporation as paid-in surplus the amounts of their respective bonuses less the amounts of their individual tax liabilities thereon; and that the petitioners complied with that agreement and returned to the corporation *93 a substantial amount of their bonuses for three consecutive years, including the year 1942, the return of the bonuses in each year being made a day or two after their receipt. This evidence indicates that the agreement to return the bonuses for expansion purposes was a continuing agreement to be effective from the time of its making until the expansion program had been liquidated and was in full force and effect at the time the bonus for the fiscal year ending April 30, 1942 was authorized and paid. In Stern-Slegman-Prins Co. v. Commissioner, 79 Fed. (2d) 289, the authorized salaries of the three officers, directors and sole stockholders of the corporation were fixed at $12,500 each for each of the taxable years 1929 and 1930. Immediately prior to the close of each taxable year the directors adopted resolutions "that the officers donate $5,000 [for 1929 and $3,500 for 1930] each of their saaries undrawn to paid-in surplus." The amounts involved were not paid but the transaction was evidenced only by bookkeeping entries. In holding that the corporation was not entitled to deduct the amounts involved the Court held that with the consent of the officers the corporation *94 had the right within the taxable year to readjust the salaries and that by the action of the directors and the consent of the officers the corporation was relieved of the obligation of paying the amounts involved and not having actually paid them was not entitled to claim them as deductions. In J. H. McEwen, 6 T.C. 1018, 1025 [Dec. 15,140] it was said: "* * * It was held in such cases ( Stern-Slegman-Prins Co. v. Commissioner, 79 Fed. (2d) 289; Albert W. Russel, 35 B.T.A. 602; Guy Fulton, 11 B.T.A. 641; and H. C. Couch, 1 B.T.A. 103) that compensation for services of officers of corporations for any period is subject to modification either by corporate action or by agreement at any time and from time to time during the taxable year and the amount at which compensation is finally adjusted at the close of the taxable year is the amount which the officer must report as compensation or the corporation may deduct as ordinary and necessary business expense. In each case the employee either did not receive or returned to the employer in the taxable year a portion of his salary previously authorized." The facts of the *95 instant proceedings do not differ in substance from those involved in the Stern-Slegman-Prins Co. case. In the latter case a part of the authorized salaries was credited to paid-in surplus with the consent of the persons entitled to receive them. In the instant proceedings when the bonuses were voted for 1942 there was then in force an agreement between the petitioners and the corporation that such bonuses less the individual income taxes thereon would be returned to the corporation. The reason for the agreement, namely, the expansion program, would indicate that the bonuses would not have been voted if the corporation was to part with the control, dominion and use of the full amount thereof. In The Harrington Company, 6 T.C. 720, this Court held that where liability for compensation voted to officers was contingent on its contribution to paid-in surplus to avoid excessive depletion of corporate cash, no deductible expense was incurred by the corporation with respect to such compensation. To tax the petitioners with the receipt of the bonuses when by agreement they were obligated to return to the corporation a substantial, if not the greater portion thereof, appears *96 unjustified. The only sound conclusion seems to us to be that the petitioners should not be required to include in their income for the year 1942, that part of the bonuses received which they were obligated to return and did return to the corporation immediately after receipt. We therefore hold that in the cases of W.J. and J. M. Smucker, the respondent erred in adding to the income reported by them in their returns for the fiscal year ending April 30, 1942, the amounts of $14,505.06. Each of these petitioners pursuant to the agreement returned to the corporation $17,000 of the bonuses of $23,892.53 received. They should therefore have reported only $6,892.53 instead of $9,387.47. Neither makes any claim for refund. In the case of W. E. Smucker, the petitioner returned to the corporation $23,000 of the $47,785.08 received as a bonus, which left $24,785.08 which should have been included in his income. He reported only $18,774.95, thus leaving $6,010.13 which is a proper addition to the income reported by him in his return for the calendar year 1942. Decision of no deficiency will be entered in Dockets 11087 and 11089, and decision in Docket No. 11088 will be entered under Rule 50. *97 Footnotes
1. This 1936 agreement according to petitioners was in addition to the agreement made in 1939 to return as paid-in surplus the amounts of bonuses received in excess of their respective tax liabilities.↩