CHARLES G. TUFTS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7155.   Promulgated February 18, 1946.

*S. E. Blackham, Esq.,* for the petitioner.
*W. F. Evans, Esq.,* for the respondent.

#### OPINION.

MURDOCK, *Judge*: The Commissioner determined a deficiency of $5,782.54 in the petitioner's income tax for the calendar year 1943. One of the adjustments which he made in determining that deficiency was to include in income $8,333.34 representing salary received by the petitioner in May 1943 from Allied Chemical & Dye Corporation. The petitioner assigns this action of the Commissioner as error. The facts have been stipulated. The stipulation is adopted as our findings of fact.

The petitioner is an individual who filed his returns for the calendar years 1942 and 1943 with the collector of internal revenue for the

second district of New York. Those returns were filed on the basis of cash receipts and disbursements.

The petitioner at all times material hereto was an officer of Allied Chemical & Dye Corporation. His annual compensation had been $60,000, but was increased to $70,000 effective March 1, 1942. The petitioner actually received from his employer during 1942 only $60,000 as salary. The employer did not actually pay the petitioner the $8,333.34 representing that part of the additional compensation authorized for the year 1942 over and above his prior salary of $60,000 per year. The employer did not pay this additional amount solely because of regulations issued October 27, 1942, by the Economic Stabilization Director pursuant to Presidential Order No. 9250, and in order to avoid possible penalties. The employer was otherwise ready, able, and willing to pay the additional compensation prior to the end of the year 1942. The additional amount was not accrued as a liability on the books of the employer prior to December 31, 1942, and was not credited on those books to the account of the petitioner during that year.

The petitioner reported in his income tax return for 1942 only the $60,000 which he actually received during the year.

The Public Debt Act of April 13, 1943 rescinded, as of October 2, 1942, the date of enactment of the Inflation Control Act, so much of the above mentioned executive order and regulation as purported to prevent the payment to the petitioner of the additional amount of $8,333.34. The employer paid the additional amount to the petitioner in May 1943, and thereafter the petitioner filed an amended return for 1942, reporting the additional amount as income for that year.

The Commissioner did not err in including the $8,333.34 in income for 1943 instead of for 1942. The petitioner used a cash receipts basis of reporting his income. The amount in question was not actually received by him in 1942 and it was not unqualifiedly subject to his demand in that year. It was not accrued as a liability by his employer and it was not credited to his account by his employer. The evidence shows that the employer was not willing to pay the amount to the petitioner in 1942 and, under such circumstances, the amount was not constructively received by the petitioner in 1942. The reason why the employer was unwilling to pay the amount to the petitioner in 1942 was one over which the petitioner had no control and was sufficient to prevent the amount from becoming taxable income of the petitioner for the year 1942.

*Decision will be entered for the respondent.*