HOOKER ELECTROCHEMICAL CO., PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

EDWIN R. BARTLETT, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HARRY M. HOOKER, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 10245, 10246, 10247. Promulgated May 27, 1947.

*Edgar J. Goodrich, Esq.*, and *Lipman Redman, Esq.*, for the petitioners.

*William F. Evans, Esq.*, for the respondent.

1124

OPINION.

KERN, *Judge*: The issue, as it relates to petitioner Hooker Electrochemical Co., is whether the amounts of bonus payments awarded by its board of directors on November 12, 1942, were properly accruable as an ordinary and necessary expense of doing business during its fiscal year ended November 30, 1942.

The facts are all set out in detail and we refrain from unnecessary repetition thereof.

The Internal Revenue Code, in section 43, provides that deductions:

* * * shall be taken for the taxable year in which "paid or accrued" or "paid or incurred", dependent upon the method of accounting upon the basis of which the net income is computed, unless in order to clearly reflect the income the deductions or credits should be taken as of a different period.

The only question here is whether the amounts were "accrued," or, to be more exact, whether they were properly accrued so as to be deductible in 1942. Section 19.43–2 of Regulations 103 provided on this subject:

* * * Each year's return, so far as practicable, both as to gross income and deductions therefrom, should be complete in itself, and taxpayers are expected to make every reasonable effort to ascertain the facts necessary to make a correct return. The expenses, liabilities, or deficit of one year cannot be used to reduce the income of a subsequent year. A taxpayer has the right to deduct all authorized allowances, and it follows that if he does not within any year deduct certain of his expenses, * * * he cannot deduct them from the income of the next or any succeeding year. * * *

It is the respondent's position that the amounts involved here' were only contingently incurred in 1942. The basic salaries were fixed in January, and estimates were made of additional compensation to be paid if profits were realized in the amount anticipated. Profits were so realized, and on November 12, 1942, the board of directors made the

awards of additional compensation, but provided in its resolution that payment thereof would be made only if they were not prohibited by the then new Executive order.

The matter was referred to an attorney for investigation. He advised them it was his opinion that payment was not prohibited by the Executive order, and checks were thereupon issued, without restriction. Within a few days regulations were promulgated which seem to justify the judgment of the attorney that the amounts were properly payable without the necessity of official approval.

With respect to the respondent's contention that the items were contingently incurred, it is obvious that the action of the directors recognized that services had been rendered which were of the indicated value to the corporation. On these points no question is raised here. Apparently, the directors felt there was a responsibility on the part of the company to pay additional compensation and wished to make provision to discharge that liability. They wished to do so, however, only if it was legally permissible. Had this not been expressed it would have been implied, since it is an implied condition of every contract or undertaking that a party will not be required to do anything that is unlawful. We think the effect of the language of this resolution had no greater effect than an implicit proviso that the payments called for should not be illegal. This proviso or condition was inserted in the resolution by its draftsman, the attorney for petitioner corporation, for the purpose of protecting the corporation and was for its benefit. As such, it could be waived or disregarded by petitioner corporation at its discretion. The later issuance of valid checks pursuant to the resolution, and after counsel had advised it that the payments called for therein were legal, constituted such a waiver and removed any contingency as to the payment during the corporation's fiscal year 1942 of the amounts called for by the resolution. It would be difficult to think of more convincing proof than actual payment to establish that there was no such contingency in payment as to preclude the accrual of the items to be paid.

In *Smith-Lustig Paper Box Manufacturing Co.*, 1 T. C. 503, and *Cotton States Fertilizer Co.*, 47 B. T. A. 748, the taxpayers were, by contractual restrictions, unable legally to incur a liability for the payments involved. Here, the awards were made, and ordered paid if they were not illegal, and, upon their legality having been determined to the satisfaction of petitioner corporation, they were paid within the taxable year. The distinction is clear.

We are of the opinion that the petitioner corporation properly accrued the amounts in 1942.

It may be pointed out that this conclusion is in accord with respondent's own ruling on a comparable question. See I. T. 3716, 1945 C. B. 140.

The next issue relates to the question whether there was receipt, actual or constructive, of the amounts involved by the individual petitioners.

There is no dispute that the checks were received by them in 1942, or that there were ample funds in the bank with which to pay them. The officers testified they failed to cash the checks on their own initiative, because they were disturbed about the possibility of embarrassing the company and themselves if it were later to be contended that the payments were in violation of the law, and for that reason they insisted on seeking an official ruling and refrained from reducing to possession the proceeds of the checks to the extent that they had failed, as of the end of their taxable year, to receive official approval. They were under no instruction or compulsion of any kind to refrain from cashing the checks. There is before us no evidence of any sort from which we could infer any restriction on their right to cash the checks so received. Under these facts, we are of the opinion that they received actually or constructively the amounts called for by the checks in question in 1942. See *Urban A. Lavery*, 5 T. C. 1283.

Respondent relies on *Charles G. Tufts*, 6 T. C. 217. In that case the employer corporation "was not willing to pay the amount [of increased salary] to the petitioner in 1942," no payment thereof was made by check or otherwise, and "the additional amount was not accrued as a liability on the books of the employer prior to December 31, 1942, and was not credited on those books to the account of the petitioner during that year." In those important respects that case is distinguished from the instant case.

Reviewed by the Court.

*Decision will be entered for the petitioners.*