John H. Soller and Margaret W. Soller v. Commissioner.
John H. Soller & Margaret W. Soller v. Commissioner
Docket No. 16058.
United States Tax Court
1949 Tax Ct. Memo LEXIS 215; 8 T.C.M. (CCH) 354; T.C.M. (RIA) 49087; April 20, 1949
*215 Charles Blair, Esq., Putnam Bldg., Davenport, Iowa., and John E. Nagle, Esq., for the petitioners. Gene W. Reardon, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: This proceeding was brought for a redetermination of deficiency of $234.90 for 1943. By amended petition an overpayment of $5,657.66 is claimed. The year 1942 is also involved by reason of the Current Tax Payment Act. The litigated question is whether there should be included in petitioners' gross income for 1943, an item of salary from a corporate employer, authorized in 1943, the actual money having been received by petitioner John H. Soller from the corporation in 1942. The case was submitted on a stipulation of facts and evidence adduced at the hearing. Those facts hereinafter appearing which are not from the stipulation are otherwise found from the record. Findings of Fact The stipulated facts are hereby found accordingly. Petitioners are husband and wife, residing in Davenport, Iowa. They filed a joint return for the calendar year 1943 with the collector of internal revenue at Des Moines. Their returns for 1942 and 1943 were filed on the cash basis. *216 John H. Soller, for convenience, will be hereinafter sometimes referred to as petitioner. Petitioners were the sole directors and owners of all the outstanding stock of the John Soller Construction Co. Petitioner was president and treasurer of the corporation and was employed by it from 1941 to May 31, 1943. The minutes of a special meeting of the board of directors of the corporation held May 15, 1941, state as follows: "On motion by M. W. Soller, which was duly seconded, it was resolved to allow the president, Mr. John H. Soller, a salary of SEVEN THOUSAND FIVE HUNDRED DOLLARS ($7,500.00) and a bonus of FIVE THOUSAND DOLLARS ($5,000.00) on account of the increase in gross profits this year, especially on the Furniture Realty Company and Davenport Bowlers jobs, Davenport, Iowa, due to the concerted effort of Mr. John H. Soller." The minutes of a special meeting of the board of directors of the corporation held on May 16, 1942, state as follows: "On motion by M. W. Soller, which was duly seconded, it was resolved to allow the president, Mr. John H. Soller, the sum of THREE THOUSAND FIVE HUNDRED DOLLARS, ($3,500.00) to apply upon salary for the fiscal year ending May 31." *217 The minutes of a special meeting held on May 27, 1943, of the board of directors of the corporation read in part as follows: "John H. Soller, president, called attention to the fact that on May 15, 1941, his annual salary as president was fixed at SEVEN THOUSAND FIVE HUNDRED DOLLARS ($7,500.00) and his annual bonus as FIVE THOUSAND DOLLARS ($5,000.00), and that he had not received this amount for his services for the year 1942, and that he was entitled to this amount. "On motion of M. W. Soller, which was duly seconded, it was resolved to pay the president, Mr. John H. Soller, the balance of his salary for 1942, being the sum of FOUR THOUSAND DOLLARS ($4,000.00) and to pay to him his bonus for the year 1942, being the sum of FIVE THOUSAND DOLLARS ($5,000.00). "John H. Soller, president of the company, then stated that in accordance with the policy of the company established May 15, 1941, he should be allowed a salary for the fiscal year ending May 31, 1943, of SEVEN THOUSAND FIVE HUNDRED DOLLARS ($7,500.00) and a bonus of FIVE THOUSAND DOLLARS ($5,000.00). "On motion of M. W. Soller, which was duly seconded, it was resolved to allow the president, Mr. John H. Soller, a salary *218 of SEVEN THOUSAND FIVE HUNDRED DOLLARS ($7,500.00) and a bonus of FIVE THOUSAND DOLLARS ($5,000.00) for the fiscal year 1943 and that these sums be paid to him." The salary of $3,500, which the board of directors of the corporation voted on May 16, 1942, to allow petitioner for the fiscal year ended May 31, 1942, was credited by the corporation to petitioner's withdrawal account on May 31, 1942. The salary balance and bonus for 1942 and the salary and bonus for the fiscal year 1943, aggregating $21,500, which the board of directors of the corporation on May 27, 1943, voted to allow and pay petitioner, were paid by the corporation to petitioner in the following manner: Credit for balance of salary and bonus
for fiscal year ended May 31, 1942
$ 9,000.00
Credit for salary and bonus for fiscal
year ended May 31, 1943
12,500.00
Total
$21,500.00
Cash payments to corporation by
transfers from Soller Realty Co.
bank account
5,637.54
Total
$27,137.54
Cash payments by checks to John H.
Soller during month of May 1943
9,784.04
Net salary credit entered May 31,
1943, to petitioner's withdrawal
account
$17,353.50
The following schedule shows the withdrawal *219 charges and the salary allowances credited to petitioner's withdrawal account on the ledger book of the corporation: Debits
Credits
Balance
June 1, 1941 Bal.
$2,182.79
$2,182.79
June 30
603.95
July 31
598.59
Aug. 31
510.70
Sept. 30
873.45
Oct. 31
1,125.97
Nov. 30
385.30
Dec. 31
882.28
7,163.12
Jan. 31, 1942
243.56
Feb. 28
460.13
Mar. 31
1,110.77
Apr. 30
617.30
May 31
411.14
10,006.02
May 31 JE
$3,500.00
May 31 JE
104.00
May 31 JE
30.00
6,432.02
June 30
949.04
July 31
395.52
Aug. 31
805.81
Sept. 30
1,495.92
Oct. 31
555.82
Nov. 30
351.35
Dec. 31
3,168.28
14,153.76
Jan. 31, 1943
951.89
Feb. 28
510.51
Mar. 31
960.01
Apr. 30
777.33
17,353.50
May 31
17,353.50
Petitioner withdrew funds from the corporation each month for living expenses and other purposes, being the amounts charged to his withdrawal account on the books of the corporation. Petitioner reported in the joint Federal income tax return for the calendar year 1943 salaries and bonuses received by him from John Soller Construction Co. in the aggregate amount of $21,500. This sum was comprised of the balance of petitioner's *220 salary ($4,000) and bonus ($5,000) for the year 1942 and the salary ($7,500) and bonus ($5,000) allowed him for the corporation's fiscal year ending May 31, 1943, which sums, totaling $21,500, the corporate board of directors had on May 27, 1943, resolved to pay petitioner. This compensation, aggregating $21,500, was paid to petitioner on May 31, 1943, by the corporation making cash payments in the form of checks to petitioner and crediting the balance thereof to petitioner's withdrawal account on the books of the corporation. At a hearing on a protest by the corporation in connection with its income tax for the fiscal year ending May 31, 1942, the deduction for salary to petitioner accrued for that period was agreed to be $8,500. In a notice of deficiency to the corporation in its income tax for the fiscal year ending May 31, 1943, it was determined that $8,500 should be allowed as a deduction for accrued salary to petitioner for that period. Petitioner received salary from John Soller Corporation Co. of $3,500 in 1942 and of $21,500 in 1943. Opinion Any argument that petitioner received in the prior year, 1942, under the doctrine of constructive receipt, see John I. Chipley, 25 B.T.A. 1103; *221 Hooker Electrochemical Co., 8 T.C. 1120, more than the $3,500 credited to his account is expressly disavowed by the parties. That he actually received the excess as salary is impossible to conclude from the record. All that the corporate resolution permitted him to withdraw as salary in 1942 was the $3,500 in question. While he drew out further sums which were treated as advances and charged against his account, this falls far short of the slightest indication that they were being paid or received as salary. When in the tax year before us, therefore, these charges were wiped out and an additional amount paid to him in cash, petitioner as a cash-basis taxpayer was required to account for them in that year. H. A. Eckhard, et al., 12 T.C. 384 (March 22, 1949) It is not clearly apparent that the cause for withholding the salary in 1942 and paying it in 1943 was the operation of the salary stabilization program. See Charles G. Tufts, 6 T.C. 217. But whatever the cause, the evidence of the action of the parties leaves us in no doubt that petitioner received as salary for the first time in 1943 the amounts originally reported on the return, and we *222 have so found as a fact. No overpayment of tax resulted. Since petitioner now concedes the correctness of the adjustment upon which the deficiency was determined, Decision will be entered for the respondent.