*Decision will be entered under Rule 50.*

URBAN A. LAVERY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6312. Promulgated December 20, 1945.

*Urban A. Lavery*, pro se.
*Richard L. Greene, Esq.*, for the respondent.

**OPINION.**

BLACK, *Judge*: It is undisputed that petitioner filed his income tax return for the year 1941 on the cash receipts and disbursements basis. He did not, however, include an amount of $2,666.67 which he received in that year by check from the American Bar Association. Petitioner stated at the hearing that the reason he did not include the $2,666.67 in his gross income for 1941 was because he did not cash the check until 1942, he actually received the proceeds of the check in 1942, and that it was intended to be in remuneration for services to be rendered in 1942. The respondent, on the other hand, contends that the receipt by the petitioner of the check for $2,666.67 on December 30,

1941, constituted payment of that amount in 1941, although petitioner did not actually deposit the check in his bank account until January 2, 1942, and the amount of the check is includible in petitioner's income for the taxable year 1941. The applicable statute is section 22 (a) of the Internal Revenue Code, printed in the margin.[1]

In the administration of section 22 (a) the Treasury Department has promulgated, among others, those regulations printed in the margin.[2]

Respondent in his brief, lays down the proposition that it is now a completely accepted and established principle that the receipt of a check in full payment of a claim constitutes payment thereof, either actual or constructive, at the time of its receipt, even though the taxpayer refrains from cashing the check until a subsequent date, and hence the amount of the check is taxable in the year of its receipt. Respondent cites in support of his contention, among other cases, the following: *James M. Butler*, 19 B. T. A. 718, and *Harvey H. Ostenberg*, 17 B. T. A. 738. We think these cases support respondent's view.

Respondent also points out that there is nothing to the contrary decided by the Supreme Court in *Avery* v. *Commissioner*, 292 U. S. 210, where the Court aptly observed that "The checks did not constitute payments prior to their actual receipt." Respondent points out that in the more recent case of *Putnam* v. *Commissioner*, 324 U. S. 393, the Supreme Court referred to its prior language in the *Avery* case as follows:

\* \* \* *Avery* v. *Commissioner of Internal Revenue*, 292 U. S. 210, holds that dividends of a living taxpayer on the cash basis would not become his income on mere declaration but only when "received," that is, unqualifiedly made subject

---

[1] SEC. 22. GROSS INCOME.

(a) GENERAL DEFINITION.—"Gross income" includes gains, profits, and income derived from salaries, wages, or compensation for personal service (including personal service as an officer or employee of a State, or any political subdivision thereof, or any agency or instrumentality of any one or more of the foregoing), of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property ; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. \* \* \*

[2] Regulations 103—

"SEC. 19.41–2. *Bases of computation and changes in accounting methods.*—\* \* \* All items of gross income shall be included in the gross income for the taxable year in which they are received by the taxpayer, and deductions taken accordingly, unless in order clearly to reflect income such amounts are to be properly accounted for as of a different period. \* \* \* A taxpayer is deemed to have received items of gross income which have been credited to or set apart for him without restriction. \* \* \*

\*     \*     \*     \*     \*     \*     \*

"SEC. 19.42–2. *Income not reduced to possession.*—Income which is credited to the account of or set apart for a taxpayer and which may be drawn upon by him at any time is subject to tax for the year during which so credited or set apart, although not then actually reduced to possession. To constitute receipt in such a case the income must be credited or set apart to the taxpayer without any substantial limitation or restriction as to the time or manner of payment or condition upon which payment is to be made, and must be made available to him so that it may be drawn at any time, and its receipt brought within his own control and disposition. \* \* \*"

to the stockholder's demand as by check. "Received" in the section there under consideration was the word designating taxability as income of sums actually or constructively collected, including dividends, as it is in the section of the statute here involved. This rule has been continuously applied. * * *

In the instant case it is undisputed that petitioner not only received the check for $2,666.67 from the American Bar Association on December 30, 1941, but that on that date he delivered to the Bar Association a writing in which among other things, he stated:

* * * the said Urban A. Lavery does hereby accept the said payment in full satisfaction of all his claims against the said Association and the members of the said Board of Editors on account of his said employment as such Managing Editor and the termination of that position.

It seems to be petitioner's contention that the $2,666.67 was paid to him as representing four months services to be rendered the Bar Association in 1942. In this respect petitioner states in his brief as follows:

* * * In the case at bar, there were two reasons why Petitioner was clearly within his rights in depositing the check on January 2, 1942: first, because the proceeds of the check were intended to cover four months in the year 1942, during which Petitioner's contract for services still subsisted: and second, because the Petitioner actually cashed the check in due course of business and without any delay whatever.

The documentary evidence shows that the $2,666.67 payment was made in full settlement of a claim which petitioner was making against the Bar Association and was not paid for future services to be rendered. It was the intent and understanding of both parties to the agreement that petitioner's service as managing editor of the Bar Association Journal should terminate with the January 1942 issue of that publication and that all the editorial work had been done on it at December 30, 1941. Any further duties which remained for petitioner to do on the January 1942 issue of the Journal were not substantial and only of a routine nature. Therefore, we must, under the facts, reject petitioner's contention that the payment of $2,666.67 "was intended to cover four months in the year 1942" if by that is meant four months services to be rendered in 1942. But even if petitioner were correct in his contention that the $2,666.67 received in 1941 was for services to be rendered in 1942, he could not prevail, since he was on the cash basis. In *S. P. Frealing*, 7 B. T. A. 1238, the controverted fee was paid to the taxpayer, an attorney, for professional services which were to be performed in the future. The Board ruled against the taxpayer's contention in that case, in the following language:

Petitioner contends that, while the fee, amounting to $15,000, which he received from the State was a lump sum, it was compensation for three years services at $5,000 a year. Whether this contention be true or not, it was in fact income in 1922, for the entire amount was received by petitioner in 1922 for personal services rendered or to be rendered. See *Jackson* v. *Smietanka*,

272 Fed. 970; 2 Am. Fed. Tax Rep. 1408, and *Forbes* v. *Nichols* (U. S. District Court, District of Massachusetts, July 27, 1927).

Petitioner in his brief contends that the *Frealing* case has no application to the facts of the instant case. With this contention we do not agree, if the facts are to be construed as petitioner contends. Mertens, in his Law of Federal Income Taxation, par. 12.42, vol. 2, among other things, says: "The doctrine that payments of compensation are income to a taxpayer on a cash basis in the year of receipt, as distinguished from the year in which the compensation is earned, has been too firmly embedded in income tax law to permit of any question."

So, after all, the real inquiry in the instant case is not whether the check for $2,666.67 was paid to petitioner for services which he rendered the American Bar Association Journal in 1941 or was the equivalent of four months salary in 1942, as petitioner contends. The real question is, Did petitioner receive the $2,666.67 in 1941? As we have already pointed out, he did actually receive the check on December 30, 1941. On that date he delivered to the American Bar Association a statement in writing accepting the check in full settlement of all his claims against the Association. The check was on a bank in Chicago, where petitioner lived. December 30 or 31 was neither a Sunday nor a legal holiday. There is no showing in the record that petitioner could not have cashed the check at the bank upon which it was drawn, on December 30 or, at least, on December 31, 1941. Under these facts, the circumstance that petitioner did not actually deposit the check in his bank account until January 2, 1942, is without any controlling significance.

Although petitioner strongly urges in his brief that *Avery* v. *Commissioner, supra,* supports his views, we think that case is clearly distinguishable because of the presence in the instant case of the facts which we have just above stated.

*Decision will be entered for the respondent.*