CHARLES F. KAHLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27517. Promulgated April 4, 1952.

*Walter R. Brown, Esq.,* for the petitioner.
*Thomas A. Steele, Jr., Esq.,* for the respondent.

[3] Practically none was involved.

OPINION.

RICE, *Judge:* The sole issue is when did the petitioner realize the income represented by the commission check delivered December 31, 1946. Was it in 1946, as determined by respondent, or in 1947, as claimed by petitioner? This, in turn, is based on the question whether the receipt of a check by a cash basis taxpayer after banking hours on the last day of the taxable period constitutes a realization of income.

Applicable provisions of the statute are set forth in the margin.[1]

In his brief, petitioner argues that "the mere receipt of a check does not give rise to income within the taxable year of receipt unless the check is received in sufficient time before the end of the taxable year so the check may be converted into cash within the taxable year." In support of such result, petitioner relies upon *L. M. Fischer*, 14 T. C.

[1] SEC. 22. GROSS INCOME.

(a) GENERAL DEFINITION.—"Gross income" includes gains, profits, and income derived from salaries, wages, or compensation for personal service * * *

SEC. 41. GENERAL RULE.

The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. * * *

SEC. 42. PERIOD IN WHICH ITEMS OF GROSS INCOME INCLUDED.

(a) GENERAL RULE.—The amount of all items of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under section 41, any such amounts are to be properly accounted for as of a different period. * * *

792 (1950); *Urban A. Lavery*, 5 T. C. 1283 (1945), affd. (C. A. 7, 1946) 158 F. 2d 859; and *Harvey H. Ostenberg*, 17 B. T. A. 738 (1929).

In the *Fischer* case, we held that a check delivered to the taxpayer on December 31, 1942, which was not deposited until 1943, was not income in 1942 but in 1943, since the check was subject to a substantial restriction. At the time of delivery of such check, there was an oral agreement made between the drawer and the taxpayer that the latter would hold the check for a few days before he cashed it since the drawer was short of money in the bank. Such a situation is completely distinguishable from that in the instant case.

The *Lavery* and *Ostenberg* cases both decided that checks delivered to the taxpayers were income in the year of delivery. In the *Lavery* case delivery was on December 30, and in the *Ostenberg* case delivery was on December 31. Petitioner relies on the dicta appearing in these cases to the effect that the result might have been different had the petitioner in either case been able to show that he could not have cashed the check in the year drawn. We fail to see where there should be any difference in result just because it might be impossible to cash a check in the year in which drawn, where delivery actually took place in such year. Respondent's regulations provide that all items of gross income shall be included in the taxable year in which received by the taxpayer, and that where services are paid for other than by money, the amount to be included as income is the fair market value of the thing taken in payment.[2]

Analogous cases to the instant case are those which were concerned with the proper year in which deductions might be taken where a check was drawn and delivered in one year and cashed in a subsequent year. Under the negotiable instruments law, payment by check is a conditional payment subject to the condition that it will be honored upon presentation; and once such presentation is made and the check is honored, the date of payment relates back to the time of delivery. See *Estelle Broussard*, 16 T. C. 23 (1951); *Estate of Modie J. Spiegel*, 12 T. C. 524 (1949); and cases cited therein. In the *Spiegel* case we said, at page 529:

It would seem to us unfortunate for the Tax Court to fail to recognize what has so frequently been suggested, that as a practical matter, in everyday personal and commercial usage, the transfer of funds by check is an accepted procedure. The parties almost without exception think and deal in terms of payment except in the unusual circumstance, not involved here, that the check is dishonored upon presentation, or that it was delivered in the first place subject to some condition or infirmity which intervenes between delivery and presentation.

Under such circumstances, we feel that it is immaterial that delivery of a check is made too late in the taxable year for the check to be

---

[2] Treasury Regulations 111, sec. 29.22 (a)–3, and sec. 29.41–2.

cashed in that year. The petitioner realized income upon receipt of the commission check on December 31, 1946.

Reviewed by the Court.

*Decision will be entered for the respondent.*

———

MURDOCK, *J.*, concurring: I agree with the result reached that the receipt of a check is regarded as payment and income unless it is subject to some restriction but feel that the petitioner's case is weaker in some respects than the majority opinion might indicate. A finding is made that the check in question was received by the petitioner "sometime after 5 p. m. on December 31, 1946." There is also evidence that he could not have obtained cash for the check at the drawee bank but he could have deposited the check in that bank, later on December 31, 1946. There was another bank in the town and the evidence does not show whether or not he could have cashed the check in that bank after regular banking hours. Furthermore he might have made some other use of the check during 1946. For example, he might have cashed it at some place other than at a bank or he might have used it to discharge some obligation, within the year 1946.

HARRON, *J.*, agrees with this concurring opinion.