FRANK W. KUNZE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34073. Promulgated October 13, 1952.

30

*Sidney Gelfand* and *Bernard Weiss, Esq.*, for the petitioner.
*Robert R. Blasi, Esq.*, for the respondent.

**OPINION.**

OPPER, *Judge: Ross* v. *Commissioner* (C. A. 1), 169 F. 2d 483, which has come to be a leading authority in the presently relevant field of constructive receipt (see, e. g., *Hyland* v. *Commissioner* (C. A. 2), 175 F. 2d 422) declares:

The doctrine of constructive receipt was, no doubt, conceived by the Treasury in order to prevent a taxpayer from choosing the year in which to return income merely by choosing the year in which to reduce it to possession. Thereby the Treasury may subject income to taxation when the only thing preventing its reduction to possession is the volition of the taxpayer.

Reduced to its simplest terms, petitioner's present argument is that since he, as a director of the declaring corporation, stipulated that

he, as a stockholder, was to receive the dividend check set apart for him only through the mail, he as a taxpayer need not report it in his income for the year in which it was made payable. *Avery* v. *Commissioner*, 292 U. S. 210, and other cases succeeding it are relied on for the proposition that the policy of the declaring corporation in this respect is controlling.

Accepting as settled that such a restriction adopted by the declaring corporation is generally valid and effective, and even that it may be resorted to by the interested stockholder of a closely held corporation, see, e. g., *Hyland* v. *Commissioner, supra,*[1] the necessity is to distinguish between the act of the corporation there involved and that of petitioner as an individual, be it as stockholder or taxpayer.

There is no formal record of the corporate act in declaring the dividend. We do know that petitioner's fellow stockholder—the only other one—not only received its check but banked and collected it before the end of the year in controversy. The most that can be said, then, is that if petitioner's check were to be withheld from him as a result of the corporate action and intention, it would have been a discriminatory act as between him and the other stockholder. This would be illegal and voidable by him as a stockholder under the applicable state law. See, e. g., *Godley* v. *Crandall & Godley Co.* (N. Y.), 105 N. E. 818; *In re Associated Gas & Electric Co.* (C. A. 2), 137 F. 2d 607.[2]

It was only the petitioner's own "volition"[3] which thus stood between him and the receipt and collection of his check. Its availability to him, legally and actually, cannot seriously be questioned. Cf. *Charles F. Kahler*, 18 T. C. 31. And the corporate intent, upon which the *Avery* case is bottomed, cannot on this record be shown to interfere except upon some thesis of illegality and discrimination which we cannot properly presume.

*Decision will be entered for the respondent.*

---

[1] Even there the court was at pains to note that there was no evidence that that stockholder could sign checks, while this petitioner could.

[2] That the stockholder's acquiescence may estop him to contest corporate action of which he had prior knowledge, see *Richmond Hill Realty Co.* v. *East Richmond Hill Land Co.,* 285 N. Y. S. 424, cannot effectively alter this conclusion. Even though the stockholder's knowledge was obtained in his capacity as director, the refusal of the state courts to differentiate between the individual in his several capacities in dealing with the corporate action requires that we do no less. See *Blair* v. *Commissioner,* 300 U. S. 5.

[3] See *Ross* v. *Commissioner, supra;* Regulations 111, section 29.42-2.