Asa V. Johnston and Blanche Johnston v. Commissioner.
Johnston v. Commissioner
Docket No. 1462-63.
United States Tax Court
T.C. Memo 1964-323; 1964 Tax Ct. Memo LEXIS 14; 23 T.C.M. (CCH) 2003; T.C.M. (RIA) 64323; December 17, 1964
*14 Held: On the facts presented, that a check delivered to petitioner on December 30, 1960, dated December 31, 1960, but not cashed until January 5, 1961, because of the drawee's statement at the time of delivery that he did not have money in the bank to cash it and his request that petitioner not cash it for four or five days, is not to be included in petitioner's gross income for 1960. Asa V. Johnston, pro se. James H. B. Dillard, for the respondent. *15 BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent determined deficiencies in the income taxes of petitioners, and additions to tax under section 6653(a) of the Internal Revenue Code of 1954, for the years 1959 and 1960, as follows: Addition
to Tax
Year
Deficiency
Sec. 6653(a)
1959
$350.90
$17.55
1960
759.57
37.98
Petitioners have conceded the correctness of respondent's determination for the taxable year 1959 as well as certain adjustments determined by respondent with respect to the taxable year 1960. The only issue now presented is whether a check for $3,185.00 received by petitioner Asa on December 30, 1960, dated December 31, 1960, and not cashed until January 5, 1961, is to be included in petitioner's gross income in the year 1960. Findings of Fact Petitioners are husband and wife residing in Turin, Iowa. They filed joint Federal income tax returns, computed on the cash basis, for the calendar years 1959 and 1960, with the district director of internal revenue at Des Moines, Iowa. Blanche is a party only by reason of having filed a joint return with her husband. Accordingly, *16 our use of the term petitioner herein will have reference to Asa. Petitioner is a farmer. He also owns a gravel pit and a dragline and bulldozer which he rents or uses in performing work for others. During the year 1960, petitioner did some work for Loyle Treiber of Danberry, Iowa, in connection with the latter's performance of a government contract, as the result of which Treiber became indebted to petitioner for labor and machinery hire in the amount of at least $6,185.00. Treiber paid petitioner $3,000.00 on October 16, 1960. This payment was included in petitioner's return for 1960 and is not involved herein. On Friday, December 30, 1960, at about 6 p.m. Treiber delivered to petitioner a check in the amount of $3,185.00, dated December 31, 1960, and drawn on the Bank of Elkpoint, Elkpoint, South Dakota. At the time he gave the check to petitioner, Treiber told petitioner he did not have the money in the bank to cash it and asked that he not cash it for four or five days. Petitioner presented the check to the Onawa State Bank of Onawa, Iowa, on January 5, 1961, which bank, after ascertaining from the Elkpoint bank that it was then good, cashed it. Petitioner included the amount *17 of this check in the income reported in his return for 1961, and paid the tax thereon. Loyle Treiber reported the payment of $6,185.00 to Asa Johnston on the Information Return (Form 1099) filed by him for the calendar year 1960. Respondent determined that the amount of the check for $3,185.00 was to be included in petitioner's gross income for the taxable year 1960. Opinion It is respondent's contention that the check in the amount of $3,185.00 should have been included in petitioner's gross income for the taxable year 1960, pursuant to the provisions of section 61(a)(1) and 451(a) of the Internal Revenue Code of 1954, and sections 1.61-1 and 1.451-1 of the Income Tax Regulations. See also section 1.451-2 of the Regulations. There is no question but that the amount of the check in question represented gross income of the petitioner within the meaning of section 61(a)(1) and that it is to be included in gross income in the year received by petitioner, as provided by section 451(a). The only question is whether the amount of the check is includable in gross income in the year 1960, when the check was received by petitioner and *18 dated, or in 1961, when it was cashed. It is respondent's position that the payment related back to the date the check was received and is therefore to be included in petitioner's gross income for the taxable year 1960. In support of this position he cites the cases of Estelle Broussard, 16 T.C. 23; Estate of Modie J. Spiegel, 12 T.C. 524; and Charles F. Kahler, 18 T.C. 31. These cases stand for the general rule that under certain circumstances payment on a check relates back in point of time to the date of delivery. A well recognized exception to this rule exists, however, where there is a substantial restriction on the right to cash the check. L. M. Fischer, 14 T.C. 792, 801-802; George W. Johnson, 25 T.C. 499. The case of L. M. Fischer, supra, is practically on all fours with the instant case. There Fischer received a check from a client shortly before noon on December 31, 1942. At the time of delivery the client stated he was short of money at the time and would appreciate it if Fischer would hold the check for a few days. Fischer agreed to do so and did not deposit the check until February 10, 1943. Fischer *19 reported the check as income in 1942. Respondent treated the amount of the check as income for the year 1943. We sustained respondent and held, in view of the oral condition imposed at the time of delivery, that the check was not income in 1942. Respondent recognizes the above exception but says that the testimony of petitioner is self-serving and uncorroborated and is therefore not sufficient to establish that there was a substantial restriction on his right to cash the check. We were made aware of petitioner's position by his opening statement and very carefully observed him throughout his testimony. His testimony was not contradicted and we find no reason not to believe it. The fact that Treiber included the payment of the entire debt in the Information Return (Form 1099) filed by him for 1960 is immaterial. On the facts presented, we hold that payment of the check in question on January 5, 1961, did not relate back to December 30, 1960, the date of its delivery, or to December 31, 1960 when dated, and is not to be included in petitioner's gross income for 1960. Decision will be entered under Rule 50.