W. KENNETH BROCK and JANICE B. BROCK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent SARAH BROCK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brock v. Commissioner
Docket Nos. 3830-75, 3941-75.
United States Tax Court
T.C. Memo 1976-335; 1976 Tax Ct. Memo LEXIS 68; 35 T.C.M. (CCH) 1541; T.C.M. (RIA) 760335; November 4, 1976, Filed Sol Spielberg, for petitioners W. Kenneth Brock and Janice B. Brock. H. A. Stephens, Jr., for petitioner Sarah Brock. Albert L. Sandlin, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: Respondent determined the following *69 deficiencies in petitioners' Federal income tax: Year
Deficiency
Docket No. 3830-75
1972
$4,029.00
Docket No. 3941-75
1971
605.00
1972
6,011.05
The remaining issues for decision are as follows: I. Whether the payments made by petitioner W. Kenneth Brock to petitioner Sarah Brock during the years 1971 and 1972, pursuant to a divorce decree and incidental agreements, constitute alimony to petitioner Sarah Brock under section 71 [1] of the Internal Revenue Code of 1954. II.Whether $1,000 of such payments was received by Sarah Brock in the years 1971 or 1972. III. Whether petitioner W. Kenneth Brock or petitioner Sarah Brock is entitled to claim dependency exemptions for any or all of their children in 1972. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts, together with exhibits attached thereto, are incorporated by this reference. Petitioners, W. Kenneth Brock and Janice B. Brock, husband and wife (Docket No. 3830-75) resided in Stone Mountain, Georgia at the time of the filing of their petition herein. *70 Petitioners timely filed their 1972 Federal income tax return with the Internal Revenue Service Center, Chamblee, Georgia. Petitioner Sarah Brock, the former wife of W. Kenneth Brock (Docket No. 3941-75), hereinafter sometimes referred to as Mrs. Brock, resided in Clarkston, Georgia on the date her petition was filed herein. Petitioner Sarah Brock did not file an income tax return for the year 1971. She filed her 1972 income tax return with the Internal Revenue Service Center, Chamblee, Georgia. By agreement dated October 26, 1971, W. Kenneth Brock and Sarah Brock, who were at that time husband and wife and were legally separated, entered into a separation agreement settling the property rights, custody of and support for their minor children, and other matters of a similar nature. This agreement provided that Sarah Brock would have permanent custody and control of their minor children and that W. Kenneth Brock would have reasonable visitation rights. As pertinent herein, paragraph 2 of the agreement provided: Husband agrees to pay to the Wife during her life the sum of Four Hundred ($400.00) Dollars per week as alimony and child support until she remarries. Said payments *71 to start October 29, 1971. By supplemental agreement dated November 23, 1971, W. Kenneth Brock and Sarah Brock amended the previous agreement substituting for paragraph 2, cited above, a new paragraph which provided: Husband agrees to pay to the Wife during her life the sum of Six Hundred ($600.00) Dollars per week as alimony and child support until she remarries, with said amount to be reduced by One Hundred ($100.00) Dollars per week as each child becomes self-supporting, marries, dies or becomes twenty-one (21) years of age. Said payments to start November 26, 1971. In the event she remarries, he shall pay her for the support of each minor child, unmarried and under the age of 21, the sum of $100.00 per week, until each child becomes self-supporting, marries, dies or becomes twenty-one (21) years of age. Sarah Brock and W. Kenneth Brock were divorced November 29, 1971, by a decree entered in the Superior Court of Dekalb County, Georgia in Case No. 63,745. This decree incorporated the agreement between petitioners dated October 26, 1971, as amended by the agreement dated November 23, 1971. Sarah Brock was awarded custody and control of their four minor children, William *72 Kenneth Brock, Jr., Thomas Gary Brock, Cheryl Gay Brock and James David Brock. Pursuant to the final divorce decree and the agreements incorporated therein, W. Kenneth Brock made payments to Sarah Brock in amounts totaling $4,800 during 1971 and $29,400 during the taxable year 1972. Of the $29,400 paid by W. Kenneth Brock in 1972, the last payment in that year was a check in the amount of $1,000 dated December 29, 1972. December 29, 1972, was the Friday before the New Year's weekend. The check was marked deposited as of January 2, 1973, a Tuesday. Sarah Brock did not file an income tax return for 1971. For 1972 she reported on her return $9,600 in alimony income received from her former husband. In that same year 1972, petitioners W. Kenneth Brock and Janice B. Brock claimed on their joint return an alimony deduction in the amount of $10,400 and deductions for dependency exemptions for three of the four minor children. The fourth child, William Kenneth Brock, Jr., was married in August 1972 and his father reduced the amount of his payments to Sarah Brock, pursuant to the terms of the divorce decree, by $100 per week at the time of the son's marriage. In the statutory *73 notice of deficiency, respondent determined that petitioner Sarah Brock received alimony income in the amounts of $4,800 and $29,400 during the taxable years 1971 and 1972, respectively, of which only the $9,600 in 1972 was reported. Sarah Brock contends that the portion of the payments under the agreement which are attributable to child support are not properly includible in her income. In the alternative, she contends that if such amounts are includible, she, rather than W. Kenneth Brock, is entitled to a deduction for the dependency exemptions for their four minor children. In the statutory notice of deficiency for petitioners W. Kenneth Brock and Janice B. Brock, respondent made the determination that the payments in the amount of $29,400 during 1972 are not deductible by them as alimony. The claimed amount of $10,400 was disallowed as a deduction for alimony for 1972. Further, the three dependency exemptions which W. Kenneth Brock claimed for his three children, Thomas Gary, James David and Cheryl were disallowed. OPINION Petitioner W. Kenneth Brock and petitioner Sarah Brock were divorced on November 29, 1971. By virtue of the divorce decree and the agreements of the *74 parties incorporated therein, certain payments were made by W. Kenneth Brock to Sarah Brock for the support of herself and their four minor children, of whom Sarah Brock was awarded custody. The principal issue in these cases is whether any portion of the amounts received by Sarah Brock from her former husband, W. Kenneth Brock, constitutes child support payments so as to be excludable from her gross income under section 71(b), [2] or whether all of such amounts constitute alimony payments which must be included in her gross income under section 71(a). Although respondent has taken inconsistent positions in the notices of statutory deficiency consolidated herein, respondent has done so for protective reasons. It is respondent's primary position that the payments *75 to Sarah Brock in the amounts of $4,800 during 1971 and $29,400 during 1972 constitute alimony taxable to her.We must agree with respondent's position on this issue. The law on this point is clear. Section 71(a)(1) provides generally that if a wife is divorced from her husband under a decree of divorce, the wife's gross income includes periodic payments received after the decree in discharge of a legal obligation, such as support, under the decree or under a written instrument incident to such divorce or separation. However, section 71(b) provides that the rule in section 71(a) shall not apply to that part of any payment which "the terms of the decree, instrument, or agreement fix, in terms of an amount of money or part of the payment, as a sum which is payable for the support of minor children of the husband." Hence, the principal question here is whether the agreements between W. Kenneth Brock and Sarah Brock "fix" or, in the words of the regulations, "specifically designate" any amounts to be applied for the support of the children. Section 1.71-1(e), Income Tax Regs., requires that in order to be excluded from the wife's alimony income the amount of child support payments *76 must be specifically designated as a separate sum payable for the support of the minor children of the husband. The regulations state: * * * If, however, the periodic payments are received by the wife for the support and maintenance of herself and of minor children of the husband without such specific designation of the portion for the support of such children, then the whole of such amounts is includible in the income of the wife as provided in section 71(a).* * * [Section 1.71-1(e) Income Tax Regs.] The regulations are predicated on the decision of the Supreme Court in Commissioner v. Lester,366 U.S. 299 (1961), which involved an agreement containing language very similar to that contained in the Brock agreement. It is not sufficient that a decree provide for the reduction of the payments to the wife upon the death, marriage or majority of the children. Such provisions cannot be interpreted as "fixing" any part of the payments to the wife as child support, although they may contain information sufficient to infer such an amount. The cases relied on by petitioner Sarah Brock, Sara Nicoll Gotthelf,48 T.C. 690 (1967), affd. 407 F.2d 491 (2nd Cir. 1969), *77 cert. denied 396 U.S. 828, West v. United States,413 F.2d 294 (4th Cir. 1969), are not applicable to these facts. In each of these cases, the divorce agreement or decree contained additional language which the Court felt was sufficient to fix the amount of such child support payments. No such language is present here. Accordingly, all of the payments which Sarah Brock received from her former husband, W. Kenneth Brock, in 1971 and 1972 constitute alimony under section 71(a) and are includible in her gross income for those years. Sarah Brock, however, contends that she received only $28,400 in 1972 rather than the $29,400 claimed in the notice of deficiency. The last of the payments which respondent included in Sarah Brock's income was a check in the amount of $1,000, dated December 29, 1972. The stamp on the back of the check indicates that this check was deposited in Mrs. Brock's bank account on January 2, 1973. It is clear that if Mrs. Brock received the check in the calendar year 1972 then the $1,000 would be income to her in that year. Charles F. Kahler,18 T.C. 31 (1952). [3]
*78 However, December 29, 1972, was the Friday before the New Year's weekend. In order for Mrs. Brock to have received this check in 1972, Mr. Brock would have had to have mailed the check on December 29, 1972, and she would have had to receive it on the next day, a Saturday. Mrs. Brock testified that to the best of her recollection she did not receive it until January 2, 1973, which was also the day on which the check was marked deposited. On the basis of the evidence presented, we conclude that Mrs. Brock received the $1,000 in 1973. Sarah Brock amended her petition in order to claim a deduction for dependency exemptions for her four minor children. As we have found that her former husband's payments to her are all includible in her income, both petitioner W. Kenneth Brock and respondent would concede that she is entitled to claim three of the four children as dependents. The children had no other source of support than the involved payments received by Mrs. Brock, which are all includible in her income. W. Kenneth Brock did not contribute any other amounts for the support of these children. However, the fourth child, William Kenneth Brock, Jr., who was not declared as a *79 dependent on his father's 1972 income tax return, was married in August 1972. The record does not disclose whether he filed a joint return for that year [4] or whether petitioner Sarah Brock contributed more than one-half of the total amount of support attributable to him for the year 1972. Consequently, petitioner Sarah Brock has failed to demonstrate she is entitled to claim that son as a dependent. Accordingly, we conclude that Mrs. Brock is only entitled to a deduction for three dependency exemptions for the year 1972. Decisions will be entered pursuant to Rule 155. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954.↩
2. As herein pertinent, section 71(b) provides: SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. * * *
(b) Payments to Support Minor Children.-- Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. * * *↩
3. No issue was raised as to the right of W. Kenneth Brock to deduct the alimony payment in 1972.↩
4. Section 151(e)(2) would not allow a dependency exemption where the dependent files a joint return with his spouse under section 6013.↩