PACIFIC BASIN MANUFACTURING & TRADE COMPANY, LTD., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pacific Basin Mfg. & Trade Co. v. Commissioner
Docket No. 15269-80
United States Tax Court
T.C. Memo 1982-368; 1982 Tax Ct. Memo LEXIS 378; 44 T.C.M. (CCH) 314; T.C.M. (RIA) 82368; June 29, 1982
*378 Held, checks deposited in petitioner's United States bank account are amounts received within the United States for purposes of section 931(b). Theodore A. Kolb and Patrick H. Fabian, for the petitioner. Theodore Garelis, for the respondent. WHITAKER
MEMORANDUM OPINION WHITAKER, Judge: * Respondent determined deficiencies in the petitioner's Federal corporate income tax in the *379 amount of $ 51,332 for the taxable year ending June 30, 1975, and in the amount of $ 105,444 for the taxable year ending June 30, 1976. The sole issue for decision is whether amounts paid into petitioner's bank account in the United States by the purchaser of goods manufactured in a United States possession should be considered amounts received in the United States for purposes of section 931(b). [1]
All the facts have been stipulated and are found accordingly. Petitioner, a Delaware corporation, is in the business of manufacturing and selling jewelry. Its sole manufacturing facility and its principal office were located in American Samoa, a possession of the United States, at the time the petition in this case was filed. During the taxable years 1975 and 1976, petitioner met the requirements of section 931(a) so that its income was exempt *380 from United States tax except to the extent that income was "received" within the United States. Section 931(b). On its corporate income tax returns, Forms 1120, for these two taxable years petitioner claimed that all of its income was exempt from tax under section 931. Petitioner was and is a wholly owned subsidiary of Edward D. Sultan Co., Ltd., a Hawaii corporation. Petitioner had adjusted sales to its parent of $ 357,505 in taxable year 1975, and $ 582,073 in taxable year 1976. The parent paid for the goods purchased from petitioner by means of checks drawn to the order of petitioner and deposited directly by the parent to petitioner's checking account at the Bank of Hawaii's main branch in Honolulu. The amounts so deposited to this account were used by petitioner to pay its accounts payable. Section 931(b) provides an exception to the general rule of nontaxability provided in section 931(a) as follows: "Notwithstanding subsection (a), there shall be included in gross income all amounts received * * * within the United States, whether derived from sources within or without the United States." Respondent determined on audit that the amounts which the parent paid into petitioner's *381 Hawaii bank account were received within the United States because the physical location of the receipt of the funds was within the United States. Petitioner argues that the mere use of a United States bank account should not cause it to fall within section 931(b). Petitioner's interpretation of section 931(b) is not supported by any case law or legislative history; therefore, we hold for respondent. [2]
Here, the amounts paid by the parent were received by petitioner when the checks were deposited in petitioner's bank account. Funds in that account could be withdrawn only by an officer of petitioner. At that point, petitioner had custody as well as control of the funds. Physical receipt of the payment clearly took place within the United States, and this strongly supports respondent's contention that the payments were received within the United States. Nevertheless, petitioner argues that the place of receipt should not be considered the United States because the amounts received were attributable to manufacturing and sales operations carried on in American Samoa *382 rather than in the United States. Petitioner supports this position by arguing that there is no single logical place of receipt in many cases, particularly with respect to payments by check. It stresses that a check may be written by a customer in one location, mailed to the seller and deposited in a different location, and go through several more steps before being marked "paid" by the customer's bank and returned to the customer. However, for purposes of applying the tax laws it is well established that income is received when a check is delivered to a taxpayer unless the check is subject to substantial restriction, regardless of where the check is written or deposited. See Kahler v. Commissioner, 18 T.C. 31 (1952). Therefore, we do not agree with petitioner that a physical location of receipt rule is hard to apply. Furthermore, in the example contained in section 1.931-1(c), Income Tax Regs., the place of receipt is the place where sales proceeds are first received. Petitioner suggests that the place of receipt by a corporate taxpayer should be based not on the location where the payments are physically received by the corporation but rather on where the corporation's *383 primary physical presence is situated. Petitioner contends that a corporation has a presence in the United States and should be seen as receiving income in the United States for purposes of section 931(b) only if it is carrying on a trade or business in the United States. This argument has no merit. First of all, it would require a strained reading of the term "receipt," which is in no way suggested by any legislative history or case law. Moreover, equating the place of receipt with the situs of the corporation's trade or business would cause section 931(b) to be largely redundant of section 931(a). Under the general rule of section 931(a), a taxpayer satisfying the tests of section 931(a)(1) and (2) must still include as gross income all gross income from sources within the United States. Since income derived from trade or business in the United States is income from United States sources, under section 931(a) all income from trade or business in the United States must be included in gross income. Thus, if we accepted petitioner's argument that the place of receipt for purposes of section 931(b) was where the trade or business was being conducted, section 931(b) would not apply *384 to any income not already required to be reported under the general rule of section 931(a), and it would therefore be a nullity. We therefore find that the receipt of the payments from Edward D. Sultan Co., Ltd., occurred in the United States. See Harden v. Commissioner, 44 B.T.A. 961, 968 (1941). [3]
*385 Decision will be entered for the respondent. Footnotes
*. This case was tried before Judge Cynthia H. Hall, who has resigned from the Court. By order of the Chief Judge, dated May 13, 1982, the case was reassigned to Judge Meade Whitaker↩ for disposition. 1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as in effect in the years in issue.↩
2. Petitioner has stipulated that respondent's calculations of the deficiencies are mathematically correct.↩
3. In Harden v. Commissioner, 44 B.T.A. 961 (1941), dividend checks from a corporation in a possession were received by petitioner, a resident of the possession, while temporarily in the United States. We held that the checks were received within the United States for purposes of the predecessor provision to sec. 931(b). See also Ramey Investment Corp. v. Commissioner, T.C. Memo. 1967-4, which dealt with a fact situation analogous to that presented here. In Ramey↩, as in this case, petitioner satisfied the test of sec. 931(a). It sold real property located in a possession of the United States, which was paid for when the purchaser mailed a check to Ramey's principal office in Charleston, South Carolina. The check was promptly forwarded by the corporation to its office in the possession, where it was deposited in a bank account. We stated that we assumed that Congress intended the word "received" to convey its ordinary legal meaning, and we found that the receipt took place in Charleston, not the possession, since the corporation had control over the payments at that time. Here, petitioner had control over the payments from Edward D. Sultan Co., Ltd., as soon as they were deposited to its account at the Bank of Hawaii.