T.C. Summary Opinion 2010-29

UNITED STATES TAX COURT

DAVID PAUL MORGAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24533-08S.               Filed March 10, 2010.

David Paul Morgan, pro se.

<u>Michael T. Shelton</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

For 2006 respondent determined a deficiency of $3,899 in petitioner's Federal income tax. The issue for decision is whether petitioner failed to report nonemployee compensation for 2006.

## Background

Some of the facts have been stipulated[1] and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. When petitioner filed his petition, he resided in Illinois.

Petitioner is a subcontractor for Market Plan Consultants, Inc. (MPC). MPC is run by petitioner's long-time friend and colleague. MPC paid petitioner for work he performed for MPC's clients. MPC issued multiple checks to compensate petitioner for his work in 2006, amounting to $48,987. MPC reported this amount to the Internal Revenue Service (IRS) on a Form 1099-MISC, Miscellaneous Income. Petitioner reported only $32,000 as nonemployee compensation on his return.

On July 7, 2008, respondent issued a notice of deficiency to petitioner determining a deficiency of $3,899 for the year 2006. This deficiency is based on $17 of unreported interest and

---

[1]Petitioner stipulated that he failed to report $17 in interest income for 2006.

$16,987 of unreported nonemployee compensation.[2]  On the basis of this larger taxable income of $49,004, respondent increased petitioner's self-employment tax deduction, reduced the medical expense deduction, and reduced his earned income credit (EIC) to zero.

Petitioner does not dispute the total amount of the compensation, but he does dispute that the final payment of $16,987 was received in 2006.  Petitioner concedes that the check bore a December 2006 date but contends that he did not, and agreed not to, cash the check immediately.

## Discussion

### I. Burden of Proof

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden of proving that those determinations are erroneous.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  In certain circumstances, however, section 7491(a)(1) places the burden of proof on the Commissioner.  Petitioner has not alleged that section 7491 is applicable, nor has he established compliance with the requirements of section 7491(a)(2)(A).  Therefore, the burden of proof does not shift to respondent.

Under section 6201(d), the burden of production may shift to

---

[2]Petitioner testified that he also did not include the $16,987 as income on his 2007 income tax return.

the Commissioner where an information return, such as a Form 1099, serves as the basis for a deficiency determination. If a taxpayer asserts a "reasonable dispute" with respect to any item of income reported on a third-party information return and he has fully cooperated with the Commissioner, the Commissioner will have the burden of producing reasonable and probative information concerning the item of income in addition to the information return. Id. Petitioner has not disputed the amount of the check, has not provided any evidence that he did not receive the check in 2006, has not sought correction of the Form 1099-MISC, and concedes that the check bore a December 2006 date. We find, therefore, that there is no reasonable dispute which would shift the burden to respondent.

II. Unreported Income

Taxpayers are required, under section 61(a), to include in gross income "all income from whatever source derived" unless any income has been specifically excepted from inclusion. See Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 430 (1955) (Congress' intent was to tax income unless specifically excluded). Exclusions from gross income must be narrowly construed. Commissioner v. Schleier, 515 U.S. 323, 328 (1995) (citing United States v. Burke, 504 U.S. 229, 233 (1992)).

For many years this Court has favored and followed the cash-equivalent-upon-receipt rule enunciated in Kahler v.

Commissioner, 18 T.C. 31, 33-35 (1952), holding that a cash basis taxpayer realized income in 1946 from a check dated and received on December 31, 1946, but not cashed until January 2, 1947. In that and similar situations, the date of payment has been related back to the date of receipt. See Bright v. United States, 926 F.2d 383, 385-387 (5th Cir. 1991); Estate of Kamm v. Commissioner, 349 F.2d 953, 955 (3d Cir. 1965), affg. T.C. Memo. 1963-344; Rosser v. Commissioner, T.C. Memo. 2010-6; Stephens v. Commissioner, T.C. Memo. 1956-284; see also sec. 1.451-2, Income Tax Regs.

In Fischer v. Commissioner, 14 T.C. 792 (1950), we held that a check delivered to the taxpayer on December 31, 1942, which was not deposited until 1943, was not income in 1942 but in 1943, since the check was subject to a substantial restriction. At the time of delivery of the check, there was an oral agreement between the drawer and the taxpayer that the latter would hold the check for a few days before cashing it since the drawer was short of money in the bank. Such a situation is distinguishable from that in the instant case.

Petitioner provided no evidence beyond his own testimony of the purported agreement with MPC not to cash the check. He did not call his long-time friend and colleague or any other person as a witness to corroborate his testimony about the purported agreement. Petitioner agreed that there was no reason to believe

the check would not be honored.  Petitioner stated that if MPC's client had failed to pay MPC, he would not have cashed the check at all and instead would have claimed a business loss in order to preserve his relationship with his friend, the owner of MPC. Considering that petitioner failed to report the disputed income even in the subsequent year, the Court does not accept his uncorroborated, self-serving explanation.  See Urban Redev. Corp. v. Commissioner, 294 F.2d 328, 332 (4th Cir. 1961) (the Court may reject a taxpayer's uncorroborated testimony), affg. 34 T.C. 845 (1960); Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

In conclusion, the Court finds that petitioner has not shown that there was an agreement not to cash the check in 2006 even though the check was received in 2006.  Accordingly, petitioner received $16,987 in unreported nonemployee compensation in 2006, and respondent's determinations are sustained.

Other arguments made by the parties and not discussed herein were considered and rejected as irrelevant, without merit, and/or moot.

To reflect the foregoing,

Decision will be entered for respondent.