TERRY DEAN WELANDER, PETITIONER v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 33400-87.          Filed April 19, 1989.

Terry Dean Welander, pro se.
*David W. Sorenson,* for the respondent.

OPINION

NIMS, *Chief Judge:* This case was heard by Special Trial Judge Daniel J. Dinan pursuant to the provisions of section 7443A of the Internal Revenue Code of 1986 and Rules 180, 181, and 182.[1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

---

[1] All subsequent section references are to the Internal Revenue Code as amended and in effect for the year in issue unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.

## OPINION OF THE SPECIAL TRIAL JUDGE

DINAN, *Special Trial Judge:* Respondent determined a deficiency in petitioner's Federal income tax for the year 1984 in the amount of $1,131.82.

The two issues presented for decision are (1) whether petitioner failed to include in gross income $53 received from U.S. Steel Corp., and (2) whether petitioner failed to report the entire amount of premature distributions received by him from an individual retirement account.

Some of the facts have been stipulated and are so found. The stipulations of fact and accompanying exhibits are incorporated herein by this reference. Petitioner resided in Reno, Nevada, when he filed his petition in this case.

During 1984, petitioner and his wife received premature distributions from their individual retirement accounts (IRAs). Petitioner and his wife reported $9,765.80 in IRA distributions on their 1984 Federal income tax return. Petitioner and his wife also reported on Form 5329 the IRA distributions which were subject to an increased tax because they were prematurely distributed. The increased tax reported was $976.58 (10 percent of $9,765.80).

Respondent determined that petitioner in fact received $7,546 in premature IRA distributions during the taxable year. After taking into account one-half ($4,882.90) of the distributions reported on petitioner's joint return, respondent determined that petitioner should have reported the additional $2,663.10 distribution as gross income in 1984. Respondent further determined that petitioner should have reported $754.60 as an increased tax because of a premature distribution. After taking into account one-half ($488.29) of the amount reported as an increased tax, respondent determined that petitioner should have reported an additional $266.31 as an increased tax because of a premature distribution.

Respondent based his determination on informational returns filed by the trustees of petitioner's IRA.

The distributions in issue were made in two installments. The first was received by petitioner in November 1984 and the second in December 1984.

Petitioner bears the burden of proving that respondent erred in his determination. *Welch v. Helvering,* 290 U.S. 111

(1933); Rule 142(a), Tax Court Rules of Practice and Procedure.

The first issue we must decide is whether respondent erred in determining that petitioner failed to report $53 in gross income received from U.S. Steel Corp. Petitioner does not deny receipt of the money nor the fact that it should have been included in gross income. Petitioner's only contention is that he did in fact report the $53 on Schedule B of his 1984 Federal income tax return. The $53 is not separately listed on the schedule, nor could petitioner prove that the $53 was included in any amounts which were shown on the schedule. Accordingly, petitioner has failed to carry his burden of proof on this issue. The determination of respondent is sustained.

The next issue we must decide is whether petitioner failed to report the entire amount of premature IRA distributions he received during 1984.

Generally, any amount distributed from an IRA is includable in the gross income of the recipient in the year in which such distribution is received. Sec. 408(d)(1); sec. 1.408-4(a)(1), Income Tax Regs. Furthermore, if the distribution is made to an individual prior to his/her 59½ birthday, there is an additional tax of 10 percent of the distribution. Sec. 408(f)(1);[2] sec. 1.408-1(c)(6), Income Tax Regs. However, if the individual rolls over the distribution into another IRA within 60 days after he/she receives the distribution, then such amount is not includable in gross income. Sec. 408(d)(3); sec. 1.408-4(b), Income Tax Regs.

Petitioner does not dispute the fact that IRA distributions are taxable. Petitioner's argument is that the IRA distributions are not taxable until the 60-day rollover period has expired, and since the rollover period does not expire until 1985 in this case, the distributions are not taxable until 1985.

Unfortunately, petitioner's argument does not follow the clear language of the statute. The general rule is that IRA distributions are taxable in the year received. Sec. 408(d)(1).

---

[2]This subsection was repealed by the Tax Reform Act of 1986, effective for taxable years beginning after Dec. 31, 1986. Pub. L. 99-514, sec. 1123(d)(2), 100 Stat. 2085, 2475. But see Code sec. 72(t) added by the same Act, sec. 1123(a).

An exception to this rule is effective when the distribution is rolled over into another IRA within 60 days. This exception only applies if the distribution is actually *paid* into another account. Sec. 408(d)(3)(A). If the distribution is not paid into another account, then the exception never applies and the general rule prevails.

Petitioner received the distributions during taxable year 1984. Since he failed to prove that he rolled over the distributions into another IRA within 60 days, they are taxable in 1984. Sec. 408(d)(1). The determination of respondent is sustained.

*Decision will be entered for the respondent.*