MARSHALL HUGO MARTIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Martin
Docket No. 21416-90
United States Tax Court
T.C. Memo 1992-331; 1992 Tax Ct. Memo LEXIS 342; 63 T.C.M. (CCH) 3122; June 8, 1992, Filed *342 Decision will be entered under Rule 155. Marshall Hugo Martin, pro se. Kenneth L. Bressler, for respondent. DAWSON
DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined the following deficiency in and additions to petitioner's Federal income tax for 1987: Additions to Tax
Sec.
Sec.
Sec.
Deficiency
6653(a)(1)(A)
6653(a)(1)(B)
6661(a)
$ 110,496
$ 53
50% of the
$ 27,621
interest due
on $ 110,496
In the Stipulation of Facts, respondent conceded certain adjustments in the notice of deficiency (regarding "pension or annuity" and "IRA distributions"). As a result, only $ 47,492.67 of the $ 110,496 determined deficiency remains at issue. On brief, respondent conceded all the additions to tax. Other concessions made by the parties will be reflected in the Rule 155 [1] computations. Thus, the only issue remaining for decision is whether petitioner received a total of $ 138,783.13 [2] in taxable distributions from his Individual Retirement Account (IRA) in 1987. *343 FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner Marshall Hugo Martin resided in Sulphur Springs, Texas, at the time he filed his petition. He timely filed an individual Federal income tax return for 1987. Prior to the year in issue, petitioner maintained an IRA, account number L71 44834, at Shearson, Lehman, Hutton Co. (E.F. Hutton IRA). On February 3, 1987, petitioner had a balance in excess of $ 111,000 in that account. At petitioner's request, on February 5, 1987, E.F. Hutton issued petitioner a $ 111,615.57 check. The check was made payable to petitioner, and represented the balance of his E.F. Hutton IRA. On the same day (February 5, 1987), petitioner endorsed the $ 111,615.57 check, and personally deposited it with Merrill, Lynch, Pierce, Fenner, & Smith, in order to establish a new IRA, account number 365-93102 (Merrill Lynch IRA). No direct transfer took place between E.F. Hutton and Merrill Lynch. Between February 5, 1987, and May 7, 1987, petitioner's Merrill Lynch IRA balance increased from $ 111,615.57 to $ 164,596.13. Thereafter, *344 petitioner engaged in a series of transactions involving such account. On May 8, 1987, he instructed a Merrill Lynch representative by telephone to withdraw $ 164,596.13 from his Merrill Lynch IRA and deposit it into his non-IRA account at Merrill Lynch. On July 7, 1987, petitioner instructed a Merrill Lynch representative by telephone to withdraw $ 120,000 from his non-IRA account and deposit it into his Merrill Lynch IRA. Finally, on September 3, 1987, petitioner withdrew $ 10,000 from his Merrill Lynch IRA. This amount was not redeposited into any other IRA. [3] Petitioner has presented no evidence as to the balances of his Merrill Lynch IRA between July 7, 1987, and September 3, 1987, *345 Early in 1987, petitioner had several telephone conversations with Internal Revenue Service (IRS) representatives in order to receive information about transferring IRA funds between investment houses. Petitioner claims that he received erroneous advice in these conversations. He states that he followed this advice, however, because he believed that the information was correct. In the notice of deficiency, respondent determined that petitioner's February 5, 1987, withdrawal was a nontaxable IRA rollover under section 408(d)(3)(A)(i), and that his May 8, 1987, and September 3, 1987, withdrawals were taxable IRA distributions under section 408(d)(1). OPINION The issue for decision is whether the funds received by petitioner on May 8, 1987, and September 3, 1987, constituted taxable distributions from his Merrill Lynch IRA. It is respondent's position that petitioner's February 5, 1987, withdrawal of $ 111,615.57 from his E.F. Hutton IRA, and his subsequent deposit of that amount into a new Merrill Lynch IRA on the same day, was a qualified rollover exempt from taxation under section 408(d)(3)(A)(i). Respondent further contends that, as a result of the February 5, 1987, transaction, *346 petitioner's two subsequent withdrawals from his Merrill Lynch IRA (on May 8, 1987, in the amount of $ 164,596.13, and on September 3, 1987, in the amount of $ 10,000) were fully taxable as ordinary income under sections 408 and 72. Petitioner contends that his February 5, 1987, withdrawal and subsequent deposit of the $ 111,615.57 was a trustee to trustee transfer pursuant to Rev. Rul. 78-406, 1978-2 C.B. 157, and not a qualified rollover under section 408(d)(3)(A)(i). As a result, he argues that the May 8, 1987, withdrawal from his Merrill Lynch IRA constituted a section 408(d)(3)(A)(i) qualified rollover, and thus only the September 3, 1987, withdrawal is taxable pursuant to section 408(d)(1). In light of the parties' positions, the nature of petitioner's February 5, 1987, withdrawal from his E.F. Hutton IRA and subsequent deposit into his Merrill Lynch IRA will effectively resolve the issue presented in this case. Petitioner bears the burden of proof. Rule 142(a). Pursuant to section 408(d)(1), distributions from an IRA are generally includable in the recipient's gross income in the year in which the distribution is received. This rule does not *347 apply, however, to any amount distributed from an IRA to the individual for whose benefit the account is maintained if the entire amount is paid into an IRA for the benefit of such individual not later than 60 days after the date on which the individual received the distribution. Sec. 408(d)(3)(A)(i); sec. 1.408-4(b), Income Tax Regs; see Aaronson v. Commissioner, 98 T.C.     (1992) (slip. op. at 6-7); Welander v. Commissioner, 92 T.C. 866, 868 (1989). Section 408(d)(3)(B) provides that the section 408(d)(3)(A)(i) rollover exemption can only be used once during any 1-year period. Thus, all subsequent distributions received during the year are taxable under section 408(d)(1). Having considered the evidence before us, we agree with respondent's contention that petitioner's February 5, 1987, withdrawal from his E.F. Hutton IRA and subsequent deposit into his Merrill Lynch IRA was a nontaxable IRA rollover described in section 408(d)(3). Petitioner received funds from one IRA, and paid those funds into a new IRA within 60 days, as described by section 408(d)(3)(A)(i). The fact that the funds were withdrawn and then redeposited on the same day is irrelevant. *348 Therefore, we hold that since the February 5, 1987, distribution was a nontaxable IRA rollover, the two subsequent 1987 distributions, on May 8 ($ 164,596.13) and September 3 ($ 10,000), are taxable because the section 408(d)(3)(A) exemption was not available for these withdrawals. See sec. 408(d)(1), (3)(B). Petitioner argues that the February 5, 1987, transaction was a trustee to trustee transfer, pursuant to Rev. Rul. 78-406, 1978-2 C.B. 157, and therefore not a section 408(d)(3)(A) rollover. Rev. Rul. 78-406 states that a transfer of a participant's IRA funds directly from one trustee bank to another which involves no payment or distribution of the funds to the participant is not a rollover contribution because the funds are not within the direct control and use of the participant. [4]
*349 Had petitioner directed E.F. Hutton to transfer the $ 111,615.57 directly to Merrill Lynch, a trustee to trustee transfer would have occurred pursuant to Rev. Rul. 78-406. However, the February 5, 1987, check that petitioner received from E.F. Hutton was payable to him rather than to Merrill Lynch. [5] Petitioner obtained dominion and control over the funds at the time he received the check payable to him. He exercised that dominion by placing the funds into a new IRA with Merrill Lynch, but had the ability to dispose of, spend, or pledge as collateral the $ 111,615.57 in any manner he pleased. Consequently, it is our view that petitioner's February 5, 1987, transfer does not fall within the ambit of Rev. Rul. 78-406, supra, because (1) the transfer was not made between two trustees, and (2) the $ 111,615.57 was distributed directly to petitioner. *350 Petitioner next argues that it was only due to incorrect advice provided by IRS representatives that he transferred the funds between IRA accounts in the manner that he did. He contends that such erroneous advice should not force the $ 111,615.57 withdrawal to be characterized as a rollover, and he had intended that a trustee to trustee transfer occur. However, IRS agents to do not have the authority to bind respondent. See, e.g., United States v. Stewart, 311 U.S. 60 (1940). While we are sympathetic to petitioner's situation, we are unable to grant him the treatment he requests. Finally, petitioner argues that if the May 8, 1987, withdrawal of $ 164,596.13 was taxable, his subsequent September 3, 1987, $ 10,000 withdrawal should be exempt from tax because he redeposited $ 120,000 of the May 8 withdrawal on July 7, 1987, and the $ 10,000 was included in that $ 120,000. However, he has not submitted sufficient evidence to sustain this argument. See Rule 142(a). In particular, he presented no evidence as to the balances of his Merrill Lynch IRA between July 7, 1987, and September 3, 1987. It is possible that this balance varied substantially between those *351 dates. Indeed, it is clear from the record that petitioner's Merrill Lynch IRA funds were actively invested in the stock market. Hence, it is conceivable that the $ 10,000 distributed on September 3, 1987, was not part of the $ 120,000 deposited on July 7, 1987. Accordingly, petitioner has failed to carry his burden of proof on this question. We have considered petitioner's other arguments, but have found them to be without merit. Accordingly, we hold that petitioner's distributions from his Merrill Lynch IRA on May 8, 1987, and September 3, 1987, were taxable IRA distributions pursuant to section 408(d)(1). To reflect our conclusion on the disputed issue and the parties' concessions, Decision will be entered under Rule 155. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code in effect for the year in issue. ↩
2. Respondent determined the $ 138,783.13 total as follows: ↩
Petitioner's total withdrawals
$ 286,211.70 Less: total qualified rollover
(111,615.57)
Taxable distributions
174,596.13 Less: taxable distributions per return
(35,813.00)
Adjustment to be included in income
$ 138,783.13 3. The series of transactions described above may be summarized as follows: ↩
Date
Account
Withdrawals
Deposits
2-5-87
E.F. Hutton IRA
$ 111,615.57 ----    2-5-87
Merrill Lynch
----    $ 111,615.57
5-8-87
Merrill Lynch
164,596.13
----    7-7-87
Merrill Lynch
----    120,000.00
9-3-87
Merrill Lynch
10,000.00
----    TOTAL
$ 286,211.70
$ 231,615.57
4. We note that, although entitled to consideration, revenue rulings are not precedent. Dixon v. United States, 381 U.S. 68, 73 (1965); Stubbs, Overbeck & Associates, Inc. v. United States, 445 F.2d 1142, 1146-1147↩ (5th Cir. 1971).
5. As a general rule, checks are considered income during the year in which they are received. The receipt of a check is tantamount to the receipt of cash, even if the check is not deposited or otherwise negotiated, provided that its receipt is not subject to "substantial limitations" and there is no reason to suppose that it will be dishonored. See Lavery v. Commissioner, 158 F.2d 859, 860 (7th Cir. 1946), affg. 5 T.C. 1283↩ (1945). There is no evidence in the record that petitioner's check herein was subject to any "substantial limitations" or that he had any reason to believe that it would be dishonored.